Shannon WARD, Claimant/Appellant,

v.

UNITED ENGINEERING COMPANY, Employer/Respondent, and Division of Employment Security, Respondent.

No. ED 90324.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 8, 2008.

---

Shannon Ward, Leadington, MO, pro se.

Rachel M. Lewis, Jefferson City, MO, for Respondent.

## OPINION

MARY K. HOFF, Presiding Judge.

Shannon Ward (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) affirming the Appeals Tribunal's determination that Claimant did not have good cause to extend the thirty-day statutory period to file an appeal from the decision of the Missouri Division of Employment Securities (Division) denying Claimant unemployment benefits. Because Claimant's appellate brief fails to comply with the appellate briefing requirements as provided by Rule 84.04 [1], we dismiss the appeal.

The Division's initial decision to deny Claimant unemployment benefits was entered on February 21, 2007, and mailed to

---

1. All subsequent rule references are to Mo. R. Civ. P.2007, unless otherwise indicated.

the address Claimant had provided. The Division's decision became final thirty days later on March 23, 2007, pursuant to Section 288.070.4 [2]. Claimant waited several months to investigate the status of his claim and did not file an appeal until May 29, 2007. Subsequently, the Appeals Tribunal filed and mailed Claimant an order of dismissal on June 4, 2007. On June 13, 2007, Claimant filed a written request that the order be set aside. Though Claimant had well exceeded the thirty-day statutory period to file his appeal, the Appeals Tribunal agreed to set aside the order of dismissal and set the matter for hearing on June 29, 2007. After the hearing, the Appeals Tribunal concluded that Claimant had not shown good cause to extend the statutory deadline and upheld the Division's decision. After the Commission affirmed this decision, Claimant filed his notice of appeal and appellate brief *pro se.*

■ Before we consider the merits of the case, however, we must first address the apparent deficiencies of Claimant's brief, which does not comply, in form or substance, with Rule 84.04. In every case, we must determine, *sua sponte,* our jurisdiction. *Finnical v. Finnical,* 81 S.W.3d 554, 557–58 (Mo.App. W.D.2002). A deficient appellate brief that does not comply with the briefing requirements of Rule 84.04 preserves nothing for appellate review and is inadequate to invoke our jurisdiction. *Livingston v. Schnuck Markets, Inc.,* 184 S.W.3d 617, 619 (Mo.App. E.D. 2006).

■ *Pro se* appellants are held to the same standards as are attorneys and must comply with the Supreme Court's rules of procedure. *Gant v. Lou Fusz Motor Co.,* 153 S.W.3d 866, 866 (Mo.App. E.D.2004); *Davis v. Coleman,* 93 S.W.3d 742, 742 (Mo. App. E.D.2002). Judicial impartiality, ju-

dicial economy, and fairness to all parties necessitates that we do not grant *pro se* appellants preferential treatment with regard to their compliance with those procedural rules. *Kramer v. Park–Et Restaurant, Inc.,* 226 S.W.3d 867, 869 (Mo.App. E.D.2007).

■ Rule 84.04 provides the requirements for appellate briefs, and a party's failure to comply with those requirements constitutes grounds for our dismissal of the appeal. *Gant,* 153 S.W.3d at 866. An appellant's brief must contain: 1) a detailed table of contents and an alphabetically-arranged table of cases and other authorities cited, all with page references; 2) a concise jurisdictional statement; 3) a statement of the facts; 4) the points relied on; 5) an argument that substantially follows the order of the points relied on; and 6) a short conclusion stating the precise relief sought. Rule 84.04(a). The jurisdictional statement should set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereupon jurisdiction is sought to be predicated. Rule 84.04(b). The statement of facts must be fair and concise and relevant to the questions presented for determination but not argumentative. Rule 84.04(c). A "Point Relied On" must be included for each claim of error and must identify the ruling or action of the trial court the appellant challenges, must concisely state the legal reasons for the appellant's claim of reversible error, and must summarily explain why, in the context of the case, the stated legal reasons support the appellant's claim of reversible error. Rule 84.04(d)(1). The argument section under each Point Relied On must substantially track the point it follows, must include a concise statement of the applicable

**2.** All statutory references are to RSMo 2000, unless otherwise indicated.

standard of review for each claim of error, and must advise the appellate court of how the facts of the case and principles of law interact. Rule 84.04(e); *Davis*, 93 S.W.3d at 743. The appellant's brief also shall contain or shall be accompanied by an appendix with a table of contents containing: 1) the judgment, order, or decision in question; 2) the complete text of all statutes, ordinances, rules of court, or agency rules claimed to be controlling of the points on appeal; 3) the complete text of any instruction related to a point relied on; and 4) any other matters pertinent to the issues discussed in the brief such as copies of exhibits, excerpts from the written record, and copies of new cases or other pertinent authorities. Rule 84.04(h).

In this case, Claimant's brief fails to comply with Rule 84.04 to such an extent that his appeal is unreviewable. First, Claimant's jurisdictional statement contains no information or reference to the constitutional provisions conferring jurisdiction upon this Court nor does it set forth sufficient factual data. Second, Claimant's statement of facts contains no references to the legal file or transcript. Instead Claimant gives a first-hand account of his employment termination without relating any of the procedural steps taken in the months following to obtain unemployment benefits. Furthermore, Claimant's fact statement wholly fails to address the cause of his failure to timely appeal the Missouri Division of Employment Securities' determination that Claimant was disqualified from benefits. Third, Claimant's point relied on makes a legal conclusion without supplying any legal reasons why the court should reach that decision. He also again fails to address the timeliness issue. Fourth, Claimant fails to fully state the applicable standard of review and does not give any binding or persuasive principles of law. Fifth, Claim-

ant's argument wholly fails to address the issue on appeal. Moreover, Claimant makes reference to a few statutes but fails to supply the court with any relevant legal authority or principles of law. Finally, Claimant's brief does not include an appendix with copies of the decision from which he is appealing or copies of the controlling legal authority.

Clearly, Claimant's amended brief fails to comply with Rule 84.04, preserves nothing for our review, and is inadequate to invoke the jurisdiction of this Court. *Gant*, 153 S.W.3d at 866; *Davis*, 93 S.W.3d at 743. We should not be expected to decide this case on the basis of inadequate briefing or to undertake additional research and scour the record to cure such a deficiency. *Davis*, 93 S.W.3d at 743, *citing Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). Furthermore, we will not become an advocate for Claimant by speculating about the relevant facts and arguments he failed to make. *Kramer*, 226 S.W.3d at 870. While perfection is not required, compliance with the briefing requirements pursuant to Rule 84.04 is mandatory. *Id.* Here, the deficiencies of Claimant's amended brief are so substantial, we could not conduct any meaningful review without taking an inappropriate position of ferreting out and reconstructing the facts of the case, speculating about the possible claims of error, and crafting an argument on Claimant's behalf. *See Id.* Accordingly, the appeal is dismissed.

SHERRI B. SULLIVAN, Judge and GEORGE W. DRAPER III, Judge, Concur.