Cheryl A. STELTENPOHL, Appellant,

v.

Raymond STELTENPOHL, Respondent.

No. WD 68486.

Missouri Court of Appeals, Western District.

June 24, 2008.

Cheryl A. Steltenpohl, St. Joseph, MO, for appellant.

Kathy Kranitz Sadoun, St. Joseph, MO, for respondent.

PAUL M. SPINDEN, Judge.

Cheryl A. Steltenpohl appeals the circuit court's judgment denying her motion to modify physical custody of her two children, who are in the sole physical custody of their father, Raymond Steltenpohl. She also appears to appeal the circuit court's granting compensatory visitation time to her. Because of the woeful inadequacies of Cheryl Steltenpohl's brief, we dismiss her appeal.

Steltenpohl appears *pro se*. Although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, we must require *pro se* appellants to comply with these rules. To do otherwise would grant a *pro se* appellant preferential treatment. *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo.App.2000). Failure to comply with the rules of appellate procedure is a proper ground for dismissing an appeal. *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App.1999). This is especially true when, as is the situation in this case, "we cannot competently rule on the merits of [the appellant's] argument without first re-

constructing the facts that gave rise to the [circuit] court's finding and then refining and supplementing [the appellant's] points and legal argument." *In re Marriage of Shumpert,* 144 S.W.3d 317, 321 (Mo.App. 2004). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bridges v. American Family Mutual Insurance Company,* 146 S.W.3d 456, 458 (Mo.App.2004).

■ Steltenpohl's brief flagrantly and repeatedly violates Rule 84.04's requirements concerning the contents of briefs. "The failure to substantially comply with Rule 84.04 preserves nothing for review." *Anderson v. American Family Mutual Insurance Company,* 173 S.W.3d 356, 357 (Mo.App.2005).

■ Steltenpohl's statement of facts does not comply with Rule 84.04(c). This rule requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Steltenpohl's statement of facts does not provide a concise statement of any of the facts necessary to resolve the issues that she purportedly attempts to raise in her appeal. An appellant's failure to provide a fair and concise statement of facts is a sufficient basis to dismiss an appeal. *Missouri Highway and Transportation Commission v. Taylor,* 839 S.W.2d 676, 678 (Mo.App.1992).

■ Steltenpohl's eight points relied on violate Rule 84.04(d)(1)'s requirement that they "identify the trial court ruling or action that the appellant challenges; . . . state concisely the legal reasons for the appellant's claim of reversible error; and . . . explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Her points do not state why the legal reasons support her claims of reversible error. " 'A point relied on written contrary to the mandatory requirements of Rule 84.04(d) . . . preserves nothing for appellate review.' " *Foster v. Village of Brownington,* 140 S.W.3d 603, 608 (Mo. App.2004) (citation omitted).

■ Moreover, pursuant to Rule 84.04(e), the brief must also contain an argument section that discusses the point relied on. "An argument should show how the principles of law and the facts of the case interact." *Carroll v. AAA Bail Bonds,* 6 S.W.3d 215, 218 (Mo.App.1999). Steltenpohl's argument section is entitled, "Issues with the Judgement [sic] Entry." In it, she merely lists the numbered paragraphs in the court's judgment with which she disagrees and states a conclusory and argumentative critique of each one. An appellant has an obligation to cite appropriate and available precedent if she expects to prevail, and, if no authority is available to cite, she should explain the reason for the absence of citations. *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978). When "the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss[ing] the appeal." *In re Marriage of Spears,* 995 S.W.2d 500, 503 (Mo.App.1999). Most of Steltenpohl's points cite no relevant precedent or other authority.[1] When an appellant fails to cite relevant law and

---

1. In addition to *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), Steltenpohl cites two other cases following one of her points relied on but fails to explain how these cases support her claims. Steltenpohl also cites Section 452.375, RSMo, which contains the standard for determining child custody, but she does not explain why the statute supports her claims of reversible error.

explain how it applies to the applicable facts, we deem the point abandoned. *Cooper v. Bluff City Mobile Home Sales, Inc.,* 78 S.W.3d 157, 164 (Mo.App.2002).

Given Steltenpohl's failure to comply with Rule 84.04, we dismiss her appeal. We do so reluctantly, preferring instead to decide cases on the merits, but we feel compelled to dismiss because Steltenpohl's brief is so flagrantly deficient that we are not able to conduct a review of her case without becoming an advocate for her. Moreover, her presentation at oral argument made clear that she failed to understand the deference which this court must accord the circuit court as the trier of fact. The issues that she raised in her presentation challenged the circuit court's findings of fact. Because of this, we are doubtful that we would have been able to reach the merits of the issues that she raised even had she preserved them with proper briefing. Because the circuit court had a better opportunity to determine witnesses' credibility and to weigh the evidence, we defer to its determination of issues of fact and view the evidence in the light most favorable to the circuit court's determination. *Mund v. Mund,* 7 S.W.3d 401, 403 (Mo. banc 1999).

JAMES E. WELSH, Presiding Judge, and ALOK AHUJA, Judge, concur.