The **FIRM ENTERTAINMENT GROUP, LLC,** Respondent,

v.

**CITY OF ST. LOUIS,** et al., Respondents.

**D.B. Amon,** Intervenor/Appellant.

No. ED 91291.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 25, 2008.

D.B. Amon, St. Louis, pro se.

Daniel Emerson, City Counselor's Office, St. Louis, for respondent City of St. Louis.

David Metcalf Carnes, St. Louis, for respondent The Firm Entertainment.

ROY L. RICHTER, Presiding Judge.

D.B. Amon ("Amon") appeals the trial court's judgment which resulted in The

Firm Entertainment Group, d/b/a Club Dreams Nightclub ("Dreams") re-obtaining its liquor license. We dismiss Amon's appeal for failure to comply with Missouri Supreme Court Rule 84.04.

## I.  BACKGROUND

Dreams is a nightclub located on Washington Avenue in St. Louis, Missouri. The Excise Commission of the City of St. Louis ("the Commission") revoked Dreams' liquor license in January 2007 after a hearing where it determined that Dreams was a detriment to the neighborhood. Dreams filed a Petition for Review and Request for Stay in the trial court on February 6, 2007, wherein it asked the court to stay the revocation of its license pending a full hearing. The court granted the stay that same day without a hearing.

Amon is Dreams' next door neighbor and was a witness at the Commission's revocation hearing. The trial court granted Amon leave to intervene on February 8, 2007. That same day, Amon filed a motion to quash the stay and a motion to dismiss the case. Amon based both of his motions on the fact that the parties did not have notice of the stay that the trial court had entered on February 6. The trial court held a hearing on Amon's motion to quash the stay on February 9, and denied it that day.

In March 2008, the Commission confessed judgment, thereby resulting in Dreams' re-obtaining its liquor license.

Amon's appeal purports to attack the validity of the trial court's granting the stay, as well as its accepting the Commission's confessing judgment. However, Amon's brief falls far short of the requirements of Rule 84.04 and therefore we dismiss his appeal.

## II.  DISCUSSION

In every case, we must determine our jurisdiction sua sponte. *Ward v. United Eng'g Co.*, 249 S.W.3d 285, 287 (Mo.App. E.D.2008). A party's failure to substantially comply with Rule 84.04 preserves nothing for appellate review and is insufficient to invoke our jurisdiction. *Id.* "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Id.* (quoting *Bridges v. Am. Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo.App. W.D. 2004)). Failure to comply with the rules of appellate procedure is a proper basis for dismissing an appeal. *Steltenpohl v. Steltenpohl*, 256 S.W.3d 597 (Mo.App. W.D. 2008). Amon's brief fails to comply with Rule 84.04 to such an extent that his appeal must be dismissed.

Missouri Supreme Court Rule 84.04(c) requires an appellate brief to contain a "fair and concise statement of the facts relevant to the questions presented...." Amon's brief statement of facts is entirely insufficient to educate this Court about the relevant facts and the procedural history of the case. This Court spent considerable time combing the legal file just to piece together enough information to write the "Background" section above. Furthermore, Amon's statement of facts contains dates that are inaccurate when cross-checked with the legal file.

Rule 84.04(d) also requires that each point relied on state the legal reasons for each claim of reversible error. As an example, the Rule proposes the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of this case, support the claim of reversible error*]" (emphasis in original).

Amon's three points relied on ignore this form entirely. The points state as follows: (1) "The trial court lacked jurisdiction to issue any orders on Respondent's Petition for Review of the St Louis Excise Commissioner's Order revoking Respondent's liquor license," (2) "Trial court erred in granting Respondent TFEG's Motion to Stay the Excise Commissioner's Order revoking TFEG's liquor license," and (3) "Trial court erred in [sic] granting Respondent City of St Louis' Motion to Confess Judgment." The points state the alleged trial court error, but provide no legal reasons to support the claim of error. As such, they are no more than abstract statements of error and preserve nothing for this court to review. *See Clemens v. Eberenz Const. Co.*, 258 S.W.3d 458, 460 (Mo. App. E.D.2008).

Amon's argument section also fails to comply with the Rule. Rule 84.04(e) states that the argument "shall also include a concise statement of the applicable standard of review for each claim of error." There is no reference to any applicable standard of review in all of Amon's brief. Further, the argument section mysteriously features one page that contains only a fragment of one sentence. While no portion of Rule 84.04 specifically prohibits this, we think it further highlights the brief's glaring deficiencies and lack of attention to detail.

### III. CONCLUSION

Because of his substantial failure to comply with Rule 84.04, Amon's brief preserves nothing for our review. The appeal is dismissed.

LAWRENCE E. MOONEY and GLENN A. NORTON, JJ., Concur.