**DANCIN DEVELOPMENT, L.L.C., Appellant,**

v.

**NRT MISSOURI, INC., d/b/a Coldwell Banker Gundaker, and Patricia Emory, Respondents.**

No.  ED 92128.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 28, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 2009.

Application for Transfer Denied
Oct. 6, 2009.

Bradley J. Bakula, St. Louis, MO, for Appellant.

Paul F. Devine, Maryland Heights, MO, for Respondent.

## OPINION

GEORGE W. DRAPER, III, Judge.

Dancin Development, L.L.C. (hereinafter, "Appellant") brought suit against NRT Missouri, Inc. d/b/a Coldwell Banker Gundaker and Patty Emory (hereinafter and collectively, "Respondent") for fraudulent misrepresentation, negligent misrepresentation, breach of contract, and breach of fiduciary duty connected to their efforts in procuring a parcel of residential real estate (hereinafter, "the Property") for reha-

bilitation and resale. Respondent filed a motion for summary judgment which was granted by the trial court. Appellant brings this appeal, claiming there were genuine issues of material fact which should have precluded the entry of summary judgment. We dismiss in part and affirm in part.

Appellant, as a company, was formed for the purpose of investing in real estate rehabilitation and resale. Respondent was retained to list and sell condominiums at one of the properties Appellant owned. During that transaction, Appellant and Respondent worked well together and sold the properties Appellant requested at close to their listing price.

Appellant indicated to Respondent that it was willing to consider new investment opportunities. Respondent then showed Appellant the Property. Appellant decided that based upon the success of its previous condominium conversion, it would attempt to acquire the Property for resale as either a multi-family residence or condominiums. Appellant successfully acquired the Property and resold it at a $200,000 loss.

Appellant then brought this action, claiming Respondent committed fraudulent misrepresentation, negligent misrepresentation, breach of contract, and breach of fiduciary duty. The trial court entered summary judgment in favor of Respondent. Appellant brings this appeal.

■ This Court must determine its jurisdiction *sua sponte* in every case it reviews. *Firm Entertainment Group, LLC v. City of St. Louis*, 273 S.W.3d 552, 553 (Mo.App. E.D.2008). Compliance with Rule 84.04 is mandatory. *Kramer v. Park–Et Restaurant, Inc.*, 226 S.W.3d 867, 870 (Mo.App. E.D.2007). Failure to "com-

ply with Rule 84.04 preserves nothing for appellate review and is insufficient to invoke our jurisdiction." *Firm Entertainment*, 273 S.W.3d at 553. This Court "should not be expected to decide [a] case on the basis of inadequate briefing or to undertake additional research and scour the record to cure such a deficiency." *Ward v. United Engineering Co.*, 249 S.W.3d 285, 288 (Mo.App. E.D.2008).[1]

■ Appellant's first point on appeal states: "THE TRIAL COURT ERRED BY SUSTAINING [RESPONDENT'S] JOINT MOTION FOR SUMMARY JUDGMENT AND STATING THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT, SINCE THERE WERE A SIGNIFICANT NUMBER OF ISSUES OF MATERIAL FACT RELATING TO AT LEAST ONE KEY ELEMENT OF EACH COUNT OF APPELLANT'S CAUSE OF ACTION, THEREBY PRECLUDING THE ENTRY OF SUMMARY JUDGMENT." We dismiss this point.

■ Rule 84.04(d) directs appellants in the proper manner in which to present issues to this Court. The rule requires that each point relied on "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1); *see also Houston v. Weisman*, 197 S.W.3d 204, 205 (Mo.App. E.D.2006). "The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Boyd v. Boyd*, 134 S.W.3d 820, 823 (Mo.App.

---

1. References within a brief are to be made to the legal file or the transcript, and not to arguments within a party's own brief. Rule 84.04(i).

W.D.2004)(*quoting Wilson v. Carnahan*, 25 S.W.3d 664, 666 (Mo.App. W.D.2000)).

Appellant's point alleges the trial court committed error, but it fails to provide any legal reason for that reversible error nor does it explain any legal reason which would support its claim of reversible error. Accordingly, this point merely constitutes an abstract statement of error and does not preserve anything for this Court to review. *Firm Entertainment*, 273 S.W.3d at 554. To be able to review effectively Appellant's point on appeal, "this Court would be required to speculate, research, and make decisions as an advocate; this is an inappropriate role for an appellate court." *Falls Condominiums Owners' Ass'n, Inc. v. Sandfort*, 263 S.W.3d 675, 679 (Mo.App. S.D.2008). Point dismissed.

The remainder of Appellant's appeal deals with the entry of summary judgment in favor of Respondent. In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). We accord the party against whom summary judgment was entered all reasonable inferences which may be drawn from the record. *Trainwreck West Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 38 (Mo.App. E.D.2007). "We accept as true facts contained in affidavits or otherwise in support of a party's motion unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* Summary judgment is intended to move the parties beyond the petition's allegations and determine if a material fact for trial exists. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993).

■ The right to summary judgment may be established by a defending party by demonstrating "facts that negate *any one* of the claimant's elements . . . ." *Fetick*

*v. American Cyanamid Co.*, 38 S.W.3d 415, 418 (Mo. banc 2001)(*quoting ITT Commercial Finance*, 854 S.W.2d at 381)(emphasis in original). "If the moving party makes a prima facie showing they are entitled to judgment as a matter of law, the non-moving party then has a specific burden: 'an adverse party may not rest upon the mere allegations or denials of his [or her] pleading, but his [or her] response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial.' " *Larabee v. Eichler*, 271 S.W.3d 542, 546 (Mo. banc 2008)(*quoting Fetick*, 38 S.W.3d at 418). Appellate review of the grant of summary judgment is purely a question of law, and hence, employs the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial Finance*, 854 S.W.2d at 376.

Appellant's second point on appeal alleges the trial court erred in entering summary judgment in favor of Respondent with respect to its claim for fraudulent misrepresentation. Appellant claims there were genuine issues of material fact demonstrating it had a right to rely on Respondent's expertise regarding the value and future profitability of the Property.

■ To state a claim for fraudulent misrepresentation, a plaintiff must plead facts that support each of the following elements:

(1) a false, material representation; (2) the speaker's knowledge of the falsity of the representation, or ignorance of its truth; (3) the speaker's intent that the hearer act upon the misrepresentation in a manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the misrepresentation; (5) the hearer's reliance on the truth of the representation; (6) the hearer's right to rely there-

on; and (7) the hearer's consequent and proximately caused damage. *Midwest Bankcentre v. Old Republic Title Co. of St. Louis*, 247 S.W.3d 116, 129 (Mo. App. E.D.2008). A party must prove every element of a claim for fraudulent misrepresentation for the claim to succeed. *Id.* at 130.

"Mere statements of opinion, expectations, and predictions for the future are insufficient to authorize a recovery for fraudulent misrepresentation." *Trotter's Corp. v. Ringleader Restaurants, Inc.*, 929 S.W.2d 935 (Mo.App. E.D.1996). "In particular, predictions and projections regarding the future profitability of a business or investment cannot form a basis for fraud as a matter of law." *Arnold v. Erkmann*, 934 S.W.2d 621, 627 (Mo.App. E.D.1996). Further, a "statement as to the value of property is ordinarily considered an opinion, not a statement of fact." *Id.* "A representation of opinion only amounts to fraud if the representing party has, or holds himself out to have, special knowledge as to the value; and the representing party, knowing the other party is ignorant, makes a false representation as to value intending it to be relied on." *Id.*

In this case, Appellant avers that it had a right to rely upon Respondent's opinion regarding the value of the Property and its future profitability because it was an "ignorant" party. However, in Appellant's deposition it admits that it did not agree with Respondent's initial opinion regarding the value of the Property. Appellant further demonstrated its independence from reliance upon Respondent's valuation opinion in that its initial offer for the Property was lower than suggested by Respondent. Appellant would like to characterize itself as an ignorant buyer, yet, the record reflects Appellant was involved at least one other prior condominium conversion. Additionally, Appellant was ac-

tive in the investigation and purchase of the Property. Further, Appellant stated it realized there was no guarantee of any amount of profit that could be made from purchasing and reselling the Property.

Appellant cannot establish it had a right to rely upon Respondent's opinion as to the value of the Property. Hence, it is unable to meet all of the elements of fraudulent misrepresentation. Appellant failed to demonstrate there was a genuine issue of material fact at issue to preclude summary judgment. Point denied.

Appellant claims in its third point on appeal the trial court erred in granting summary judgment in favor of Respondent on its claim for negligent misrepresentation. Appellant believes it had a right to rely on Respondent's representation of the investment value and future profitability of the Property.

To state a claim for negligent misrepresentation, a plaintiff must plead facts that support each of the following elements:

(1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

*Midwest Bankcentre*, 247 S.W.3d at 129. A party must prove every element of a claim for negligent misrepresentation for the claim to succeed. *Id.* at 130.

As in Appellant's second point, Appellant failed to demonstrate it had a right to rely upon Respondent's prediction of the future profitability of the Property.

*See also Comp & Soft, Inc. v. AT & T Corp.*, 252 S.W.3d 189, 197 (Mo.App. E.D. 2008). Thus, the fourth and fifth elements of negligent misrepresentation were not met. Point denied.

In its fourth point on appeal, Appellant claims the trial court erred in granting summary judgment in favor of Respondent on its breach of contract claim. Appellant avers there was an agreement to sell the Property for a guaranteed profit.

■■■ The essential elements of a contract in Missouri are: "(1) competency of the parties to contract; (2) subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation." *Olathe Millwork Co. v. Dulin*, 189 S.W.3d 199, 203 (Mo.App. W.D.2006). Appellant specifically challenges that there was the mutuality of agreement, stating its belief that it would earn a significant profit on the re-sale created a genuine issue of material fact.

■■■ "Mutuality of agreement is determined by looking to the intentions of the parties as expressed or manifested in their words or acts." *Ketcherside v. McLane*, 118 S.W.3d 631, 636 (Mo.App. S.D.2003). "If the parties have reserved the essential terms of the contract for future determination, there can be no valid agreement." *Harrell v. Mercy Health Services Corp.*, 229 S.W.3d 614, 619 (Mo. App. S.D.2007)(*quoting Smith v. Hammons*, 63 S.W.3d 320, 325 (Mo.App. S.D. 2002)).

■■■ Here, there was undisputed evidence the parties were not specific in their negotiations and thereby reserved the essential terms of the "significant profit" for a future determination. Appellant admits it never asked Respondent to guarantee a certain amount of profit on the Property.

Further, Appellant concedes it knows there is no guarantee of property values. Accordingly, there can be no breach of contract claim in that there was no contract formed guaranteeing a profit because the element of mutuality of agreement is lacking. Hence, the trial court did not err. Point denied.

Appellant's final point on appeal alleges the trial court erred by entering summary judgment in favor of Respondent regarding its claim of breach of fiduciary duty. Appellant avers there are material issues of fact regarding Respondent's solicitation of Appellant, the representation of a significant profit, and improper valuation of the Property.

In a real estate transaction, the fiduciary duty of the agent is defined by Sections 339.710–339.860 RSMo (2000).[2] The specifics for sellers' agents and buyers' agents are set forth in Sections 339.730 and 339.740, respectively.

■■■ While Appellant lists many facts which it believes are issues, it fails to identify any fact that is a genuine issue of material fact demonstrating Respondent breached its statutory duty. Appellant is in the business of finding, purchasing, rehabilitating, and reselling properties; hence, it wanted to be shown possible investment properties. Appellant's own statements indicate it knew there was no guarantee of a profit on the Property resale. Appellant also described its independent investigation of the Property. Appellant stated it disagreed with Respondent's valuation of the Property and acted on its own beliefs. None of these issues express a genuine issue of material fact that Respondent breached its duty. Hence, the trial court did not err in granting summary judgment in favor of Respondent. Point denied.

2. All further statutory references herein are to RSMo (2000) unless otherwise indicated.

The trial court's judgment is dismissed in part and affirmed in part.

ROY L. RICHTER, P.J., and JAMES KELLY, J., concur.