**Jermetra ALLEN, Appellant,**

v.

**ABM JANITORIAL SERVICES
and Division of Employment
Security, Respondents.**

No. ED 94675.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 16, 2010.

Jermetra Allen, St. Louis, MO, pro se.

Jeannie Desir Mitchell, Jefferson City, MO, for respondent.

ROY L. RICHTER, Chief Judge.

Jermetra Allen ("Allen") appeals the Labor and Industrial Relations Commission's ("the Commission") decision to reduce her unemployment benefits. We dismiss Allen's appeal for failure to comply with Missouri Supreme Court Rule 84.04.

## I. BACKGROUND

Allen worked as a general cleaner for ABM Janitorial Services ("ABM") at Lambert International Airport. Allen was terminated after being involved in two altercations, one of them physical, in five days. Violence and horseplay are against ABM's employee guidelines, and can lead to immediate discharge. ABM investigated the incidents, and Allen was discharged.

Allen filed for unemployment benefits with the Division of Employment Security ("the Division"). ABM protested the claim. A deputy with the Division determined that Allen was not disqualified from receiving benefits because the discharge was not for misconduct connected with work. ABM appealed the Division's decision to the Appeals Tribunal. The Appeals Tribunal found that Allen was involved in two altercations that she could have walked away from, and that she was the aggressor and initiated physical contact in the first altercation. Further, the Appeals Tribunal found Allen's testimony on her own behalf not to be credible. Finally, the Appeals Tribunal found that Allen committed misconduct, and therefore was not entitled to benefits, because she "willfully and deliberately was involved in verbal and physical altercations at the workplace."

Allen appealed to the Commission. The Commission affirmed and adopted the decision of the Appeals Tribunal. Allen appeals.

## II. DISCUSSION

Allen argues that the Commission erred in affirming the decision of the Appeals Tribunal. However, Allen's brief falls short of the requirements of Rule 84.04 and therefore we dismiss her appeal.

In every case, we must determine our authority to hear a case sua sponte. *Ward v. United Eng'g Co.*, 249 S.W.3d 285, 287 (Mo.App. E.D.2008). A party's failure to substantially comply with Rule 84.04 preserves nothing for appellate review and is insufficient to invoke our authority to hear the case. *Id.* "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Id.* (quoting *Bridges v. Am. Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo.App. W.D.2004)). Failure to comply with the rules of appellate procedure is a proper basis for dismissing an appeal. *Steltenpohl v. Steltenpohl*, 256 S.W.3d 597, 598 (Mo.App. W.D.2008).

Rule 84.04(c) requires that "the statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." However, Allen's brief fails to provide a statement of facts relevant to the questions presented. Rather, she only mentions her schedule and duties, and the functions of ABM.

Further, Rule 84.04(i) requires that both the statement of facts and the argument section have specific page references to the legal file or the transcript. "This requirement is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if the factual assertions in the brief are supported by the record." *Lueker v. Mo. W. State Univ.*, 241 S.W.3d 865, 868 (Mo.App. W.D.2008). "To do so would effectively require the court to act as an advocate for the noncomplying party." *Id.* Allen has provided no references to the legal file or transcript.

Finally, Allen cites no legal authority in her argument section. If a party does not cite legal authority and does not explain why it fails to do so, then the party is deemed to have abandoned that point. *Donovan v. Temporary Help*, 54 S.W.3d 718, 720 (Mo.App. E.D.2001).

### III. CONCLUSION

Because of her substantial failure to comply with Rule 84.04, Allen's brief preserves nothing for our review. The appeal is dismissed.

KENNETH M. ROMINES, J., and GARY G. WALLACE, Sp. J., concur.