Angela EDWARDS, Appellant,

v.

**MID–AM METAL FORMING, INC., and Missouri Division of Employment Security, Respondents.**

**No. SD 30707.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 4, 2011.

Angela Edwards, Springfield, pro se.

Jeannie D. Mitchell, Jefferson City, MO, for Respondent Mid–Am Metal Forming, Inc.

Alison K. George, Springfield, MO, for Respondent Employment Security.

WILLIAM W. FRANCIS, JR., Judge.

Angela Edwards ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("Commission") affirming the Appeals Tribunal's ("Tribu-

nal") dismissal of her untimely appeal. The Commission concluded Claimant's allegations, if true, did not establish good cause for filing an untimely appeal. We affirm the decision of the Commission.

### Factual and Procedural History

Claimant's last day of work for Mid–Am Metal Forming, Inc. ("Mid–Am"), was February 17, 2010. There was a dispute between Claimant and Mid–Am as to whether she voluntarily terminated her employment or was discharged. On February 25, 2010, Claimant filed her initial claim for unemployment benefits with the Missouri Division of Employment Security ("Division"). On March 2, 2010, Mid–Am filed a protest to that claim. On April 9, 2010, the Division mailed a "Deputy's Determination Concerning Claim for Benefits" to Claimant indicating she was disqualified from benefits from March 28, 2010, because she left work "voluntarily without good cause attributable to her work or employer on [February 17, 2010]." The notice also indicated she had until May 10, 2010, to file her appeal to the Tribunal.

On May 12, 2010, Claimant filed her appeal with the Tribunal. She did not include any reason for the late filing. On May 20, 2010, the Tribunal dismissed the appeal because it was not filed within the "thirty-day statutory time limit. . . ."

On May 23, 2010, Claimant filed a timely "Application for Review" with the Commission. The Application for Review simply requested the Commission reconsider her appeal "due to the fact that [she] was in Joplin, [Missouri], job hunting and did not submit [her] original appeal request in a timely matter [sic]."

On June 24, 2010, the Commission issued an order affirming the dismissal.

The Commission found that Claimant's reason for filing an untimely appeal, "if true, will not support a finding that good cause exist[ed] to extend the time for filing the appeal."

Claimant subsequently filed a timely notice of appeal to this Court.

In what we discern to be Claimant's only point on appeal, she "challenges the action taken by [the Division] to deny her unemployment benefits and seeks relief in the form of the monetary value of said benefits which would have been awarded for the period of February 17, 2010 to July 17, 2010." Claimant does not appeal, nor request any review of the merits of the Commission's decision to affirm the Tribunal's dismissal of Claimant's appeal for her untimely filing. Respondents[1] seek dismissal of Claimant's appeal for the reason that it presents no appealable issue, and preserves nothing for review. Respondents' position is correct.

### Briefing Deficiencies

We first address the evident deficiencies in Claimant's brief. Rule 84.04 sets forth various requirements for appellate briefs, and compliance with these requirements is mandatory to ensure appellate courts do not become advocates by speculating on facts and on arguments that have not been made. *Duncan v. Duncan,* 320 S.W.3d 725, 726 (Mo.App. E.D.2010). Self-represented claimants are held to the same standards as attorneys and thus, self-represented claimants must comply with the Supreme Court's rules of procedure, including Rule 84.04.[2] *Johnson v. Buffalo Lodging Associates,* 300 S.W.3d 580, 581 (Mo.App. E.D.2009). While we recognize the challenges faced by self-represented claimants, we cannot give prefer-

---

1. Refers to Mid–Am and Division collectively.

2. All rule references are to Missouri Court Rules (2010).

ential treatment to non-lawyers. "It is not for lack of sympathy, but rather is 'necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties.'" *Duncan,* 320 S.W.3d at 726 (quoting *Elkins v. Elkins,* 257 S.W.3d 617, 618 (Mo.App. E.D.2008)).

■ A party's failure to comply with the requirements set forth in Rule 84.04 constitutes grounds for our dismissal of the appeal. *Ward v. United Eng'g Co.,* 249 S.W.3d 285, 288 (Mo.App. E.D.2008). Here, Claimant failed to comply with Rule 84.04 in several respects. First, Claimant's brief does not cite any legal authority and, accordingly, does not contain a table of cases. *Ward,* 249 S.W.3d at 287. Second, the jurisdictional statement does not "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereupon jurisdiction is sought to be predicated." *Id.;* Rule 84.04(b). Third, Claimant's statement of facts is outside the record and is improperly argumentative. *Id.;* Rule 84.04(c). Fourth, Claimant's "Point Relied On" does not include a valid claim of error, concisely state any legal reasons for the claim, nor "explain why, in the context of the case, the stated legal reasons support the [Claimant's] claim of reversible error." *Id.;* Rule 84.04(d)(1)(B). Fifth, the argument section does not include a concise statement of the applicable standard of review or advise the Court of how the facts of the case and principles of law interact. *Id.;* Rule 84.04(e). Last, Claimant has failed to provide the required appendix. *Ward,* 249 S.W.3d at 287–88; Rule 84.04(h).

Although Rule 84.04 violations constitute sufficient grounds for dismissal of an appeal, because we are able to ascertain Claimant's argument, we review her claim

*ex gratia* in an effort to provide a determination on the merits. *See Johnson v. Missouri Dept. of Health & Senior Services,* 174 S.W.3d 568, 588 (Mo.App. W.D.2005).

**No Reviewable Error**

■ In her sole point relied on, Claimant argues the Division incorrectly determined she did not have good cause for quitting. She does not allege any error with the Commission's decision—finding Claimant did not show good cause for filing an untimely appeal to the Tribunal.

■ However, the courts "may only address issues that were determined by the Commission and may not consider issues not before the Commission." *Perry v. Tiersma,* 148 S.W.3d 833, 835 (Mo.App. S.D.2004). In unemployment insurance cases, Missouri appellate courts review the Commission's decision, not the Division's determination or the Tribunal's decision. *Stanton v. Div. of Employment Sec.,* 321 S.W.3d 486, 488 (Mo.App. W.D.2010); § 288.210.[3] Here, the sole issue before the Commission was the timeliness of Claimant's appeal. Because the case was dismissed on procedural grounds, the Commission did not reach the merits of the case. Therefore, this Court cannot consider whether Claimant is entitled to benefits for the first time on appeal. *Taylor v. St. Louis Arc, Inc.,* 285 S.W.3d 775, 776 (Mo. App. E.D.2009).

Because Claimant does not contest the dismissal of her case, she has abandoned that issue. *Lucky v. Sears Roebuck and Co., Inc.,* 950 S.W.2d 687, 689 (Mo.App. S.D.1997). The court's review is confined to the points of error that the appellant properly raises on appeal. *Stanton,* 321 S.W.3d at 488. Rule 84.13(a) provides that "allegations of error not briefed or not properly briefed shall not be considered in

**3.** All references to statutes are to RSMo 2000, unless otherwise indicated.

any civil appeal...." Thus, Claimant fails to allege any reviewable point of error.[4]

The Commission's decision is affirmed.

RAHMEYER, P.J., and BATES, J., concur.

---

4. We note, however, that a review of the record reveals the Commission's findings do not constitute an abuse of discretion. The Tribunal has the authority to dismiss the appeal "[i]f it appears to the hearing officer, upon examination of the file, that an appeal was not filed within the time allowed by statute...." 8 CSR 10–5.040(1)(A). The thirty-day period may be extended if the claimant demonstrates good cause. § 288.070.10. "Good cause" is defined as "those circumstances in which the party acted in good faith and reasonably under all the circumstances[.]" 8 CSR 10–5.010(2)(C). Here, Claimant was mailed the Division's determination on April 9, 2010. The determination expressly stated any appeal must be filed by May 10, 2010. Claimant did not file her appeal until May 12, 2010. Claimant's only reason submitted for failing to timely submit her appeal was that she was job hunting in Joplin, Missouri. However, claimants are required to seek employment as a condition of receiving unemployment insurance benefits. § 288.050.1(3). Therefore, it was not an abuse of discretion for the Commission to conclude Claimant's allegations, if true, do not support a finding that good cause exists to extend the time for filing appeal.