**FIA CARD SERVICES, NA., Respondent,**

v.

**Byron HAYES, Appellant.**

**No. ED 94987.**

Missouri Court of Appeals, Eastern District, Division One.

March 8, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 2011.

Application for Transfer Denied June 28, 2011.

---

Byron Hayes, St. Louis, MO, pro se.

Michael J. Ternus, Kansas City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Byron Hayes ("Hayes") appeals the trial court's default judgment in favor of FIA Card Services NA ("FIA"). We dismiss Hayes's appeal for failure to comply with Missouri Supreme Court Rule 84.04.

## I. BACKGROUND

Hayes was issued a Bank of America credit card prior to May 18, 2006. Bank of America's credit card division was merged into FIA. In October 2008, Hayes mailed his credit card bill back to FIA claiming it to be payment in full. FIA did not accept the bill as payment on Hayes's account. In January 2010, FIA filed suit against Hayes for failure to pay and breach of the credit card agreement. Hayes did not respond to the petition or appear on the return date. The trial court awarded FIA a default judgment.

Hayes filed a Motion to Set Aside the Default Judgment alleging his failure to appear was excusable. Hayes also alleged defenses without accompanying facts or exhibits. The trial court denied Hayes's motion. Hayes appeals.

## II. DISCUSSION

Hayes argues that the trial court erred in entering a default judgment for FIA. However, Hayes's brief falls short of the requirements of Rule 84.04 and therefore we dismiss his appeal.

■ In every case, we must determine our authority to hear a case sua sponte. *Ward v. United Eng'g Co.,* 249 S.W.3d 285, 287 (Mo.App. E.D.2008). A party's failure to substantially comply with Rule 84.04 preserves nothing for appellate review and is insufficient to invoke our authority to hear the case. *Id.* "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Id.* (quoting *Bridges v. Am. Family Mut. Ins. Co.,* 146 S.W.3d 456, 458 (Mo.App. W.D.2004)). Failure to comply with the rules of appellate procedure is a proper basis for dismissing an appeal. *Steltenpohl v. Steltenpohl,* 256 S.W.3d 597, 598 (Mo.App. W.D. 2008).

■ Rule 84.04(c) requires that "the statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." However, Hayes's statement of facts are muddled and confusing, and contain both legal argument and legal conclusions.

■ Further, Rule 84.04(i) requires that both the statement of facts and the argument section have specific page references to the legal file or the transcript. "This requirement is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if the factual assertions in the brief are supported by the record." *Lueker v. Mo. W. State Univ.,* 241 S.W.3d 865, 868 (Mo.App. W.D.2008). "To do so would effectively require the court to act as an advocate for the non-complying party." *Id.* Hayes has provided no references to the legal file or transcript.

Finally, Hayes's points relied on do not adhere to the requirements of Section Rule 84.04(d). Rule 84.04(d) requires that each point relied on shall, "(A) identify the trial court ruling or action that appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d).

Essentially, the points relied on must include the following three elements: 1) the appellant must 'concisely state' the ruling of the trial court being challenged; 2) the appellant must set forth the rule of law the trial court should have applied; and 3) the point must state what testimony or evidence supports the rule of law appellant suggests should have been applied. *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978).

Hayes's points relied on, instead, are confusing, and fail to show a rule of law that should be applied, or why the evidence supports the application of that rule.

### III. CONCLUSION

Because of his substantial failure to comply with Rule 84.04, Hayes's brief preserves nothing for our review. The appeal is dismissed.

KENNETH M. ROMINES, J., JOHN BERKEMEYER, SP. J., concur.