**Gina RUSH, Appellant,**

v.

**ESTES EXPRESS LINES and Division of Employment Security, Respondents.**

**No. ED 97009.**

Missouri Court of Appeals, Eastern District, Division Two.

May 15, 2012.

Gina Rush, St. Louis, MO, for appellant.

Jeannie Desir Mitchell, Jefferson City, MO, for respondent DES.

Estes Express Lines Corp., Richmond, VA, for respondent Estes.

KENNETH M. ROMINES, J.

### Facts and Procedural History

Appellant Gina Rush ("Rush") was arrested and incarcerated on 2 January 2011 because she had three outstanding parking tickets. Rush's mother informed Rush's employer, Estes Express Lines ("Employer"), of the situation and Employer agreed to hold Rush's position for her until 5 January 2011. When Rush did not show up for work on 5 January, she was terminated.

On 17 January 2011, Rush filed a claim for unemployment benefits. The Deputy determined that Rush had voluntarily quit without good cause attributable to the work or the employer, and Rush appealed. After a hearing on the matter, the Appeals Tribunal issued a decision modifying the deputy's determination and finding that Rush was discharged for misconduct connected with work. Rush filed an application for review to the Labor and Industrial Relations Commission, and the Commission fully adopted the decision of the Appeals Tribunal. Aggrieved, Rush now appeals to this court.

### Discussion

 In every case, we must determine our jurisdiction sua sponte. *Ward v. United Eng'g Co.,* 249 S.W.3d 285, 287 (Mo.App. E.D.2008). A party's failure to substantially comply with Rule 84.04 preserves nothing for appellate review and is insufficient to invoke our jurisdiction. *Id.* "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Id.*

*Pro se* appellants are held to the same standards as are attorneys and must comply with the Supreme Court's rules of procedure. *Gant v. Lou Fusz Motor Co.,* 153 S.W.3d 866, 866 (Mo.App. E.D.2004). Failure to comply with the rules of appellate procedure is a proper basis for dismissing an appeal. *Steltenpohl v. Steltenpohl,* 256 S.W.3d 597 (Mo.App. W.D.2008). Rush's brief fails to comply with Rule 84.04 to such an extent that her appeal must be dismissed.

 Rule 84.04 provides that an appellant's brief must contain 1) a detailed table of contents and an alphabetically-arranged table of cases and other authorities cited, all with page references; 2) a concise jurisdictional statement; 3) a statement of the facts; 4) the points relied on; 5) an argument that substantially follows the order of the points relied on; and 6) a short conclusion stating the precise relief sought. Rule 84.04. Rush's brief fails to substantially comply with several requirements of the rule.

First, the brief completely lacks a detailed table of contents. Second, it lacks an alphabetically-arranged table of cases and other authorities cited. Most importantly, the points relied on section is wholly inadequate.

A "Point Relied On" must be included for each claim of error and must identify the ruling or action of the trial court the appellant challenges, must concisely state the legal reasons for the appellant's claim of reversible error, and must summarily explain why, in the context of the case, the stated legal reasons support the appellant's claim of reversible error. Rule 84.04(d)(1). The argument section under each "Point Relied On" must substantially track the point it follows, must include a concise statement of the applicable standard of review for each claim of error, and

must advise the appellate court of how the facts of the case and principles of law interact. Rule 84.04(e); *Ward,* 249 S.W.3d at 288.

Rush provides two points relied on, but the argument section does not track the points. The argument section merely cites the definition of misconduct under Mo.Rev. Stat. § 288.050.2, but provides no actual application of the law to the facts of her case. Additionally, her legal reasons for relief are not discernible, and Rush does not provide any standard of review.

Because of her substantial failure to comply with Rule 84.04, Rush's brief preserves nothing for our review. The appeal is dismissed.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.