# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2745
_____

In re: Quinton D. Kinard; Candice M. Kinard

*Debtor*s

------------------------------

Excellent Home Properties, Inc.

*Appellant*

v.

Candice M. Kinard

*Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 15, 2021
Filed: May 21, 2021

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Excellent Home Properties, Inc. filed a claim in Candice M. Kinard's bankruptcy. In an adversary proceeding, Excellent Home argued its claim is excepted from discharge, as well as alleging three state law theories: fraudulent misrepresentation, negligent misrepresentation, and civil conspiracy. Having jurisdiction under 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291, this court affirms.

Excellent Home loaned $47,000 to Manor Place, LLC to purchase, renovate, and resell a house in Independence, Missouri. Kinard worked at Manor Place. Kinard's mother (not a party here) treated her as a "business partner" in Manor Place. Manor Place purchased the house, but never renovated it. Kinard's mother represented to Excellent Home six (fictitious) closing dates for the resale of the house, none of which occurred. Kinard or her mother also misrepresented the house's condition. After a few interest payments and a complete cutoff of communications, Manor Place defaulted. In 2017, Excellent Home foreclosed on the house. Neither before or during the foreclosure sale did Excellent Home try to observe the house. At the sale, Excellent Home made the winning, and only, bid ("full-credit") for $50,000—purchasing the house, sight-unseen. *See **Vestin Realty Mortg. I, Inc. v. Pickwick Partners, L.L.C.***, 279 S.W.3d 536, 540 (Mo. App. 2009) ("[T]he usual consequence of such a bid is a release of other collateral (because of the extinguishment of the debt).").

Discovering no renovation had occurred, Excellent Home hired a contractor to estimate necessary repairs. The contractor estimated $68,000; Manor Place had estimated $17,000. Deciding against repairs, Excellent Homes sold the house for $19,000. Manor Place, Kinard, and her mother all separately filed for bankruptcy. Kinard did not schedule Excellent Home as a creditor in her Chapter 13 case. Excellent Home filed an unsecured proof of claim for $50,000, alleging nondischargeability for fraud. It later filed an adversary complaint, adding three state law fraud theories. After trial, the bankruptcy court[1] found for Kinard and

---

[1]The Honorable Cynthia A. Norton, Chief United States Bankruptcy Judge for the Western District of Missouri.

dismissed the claims. The district court[2] affirmed. ***Excellent Home Props., Inc. v. Kinard*** (***In re Kinard***), 621 B.R. 231 (W.D. Mo. 2020).

This court applies "the same standard of review applied by the district court below, reviewing the bankruptcy court's factual findings for clear error and its conclusions of law de novo." ***Hernandez v. Gen. Mills Fed. Credit Union*** (***In re Hernandez***), 860 F.3d 591, 598 (8th Cir. 2017). "Whether a requisite element of a claim under § 523(a)(2)(A) has been satisfied is a factual determination, which we review for clear error. A finding is clearly erroneous if, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." ***Id.*** at 602 (quotation omitted).

I.

Excellent Home argues that under 11 U.S.C. § 523, Kinard cannot discharge its claim in bankruptcy because she committed fraud:

> (a) A discharge under section 727, 1141, 11921 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud . . . .

For this exception, the creditor must prove "by a preponderance of the evidence" that "a debtor (1) made a representation, (2) with knowledge of its falsity, (3) deliberately for the purpose of deceiving the creditor, (4) who justifiably relied on

---

[2]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

the representation, and which (5) proximately caused the creditor damage." ***In re Hernandez***, 860 F.3d at 602.

Excellent Home believes its reliance on Kinard's representations was justified. "[J]ustifiable reliance is a different standard than reasonable reliance." ***In re Hernandez***, 860 F.3d at 603. "Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases." ***Id.*** at 603-04, *citing* ***Field v. Mans***, 516 U.S. 59, 71 (1995). "[A] victim of fraud is not justified in relying on a representation, and a duty to investigate arises, where 'the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived.'" ***Id.*** at 604, *quoting* ***Field***, 516 U.S. at 71.

In making its full-credit bid, Excellent Home did not justifiably rely on Kinard's representations about the condition of the house. True, Excellent Home, a California company, dealt with Manor Place electronically. But Excellent Home consulted with a local lawyer about the trustee sale. It also directed the lawyer about what, when, or if it should bid at the foreclosure sale. Since the lawyer was available to take a cursory glance at the house, and Excellent Home is a non-novice, sufficiently sophisticated investor, submitting a full-credit bid on the house sight-unseen was not justifiable. *Cf.* ***Islamov v. Ungar*** (***In re Ungar***), 633 F.3d 675, 679 (8th Cir. 2011) (distinguishing situation where it was "undisputed [the creditor] was unsophisticated in matters of American stock investing"). Although Excellent Home stresses that it could not inspect the house's interior, the district court highlights numerous "red flags" warning of "the possibility that Manor Place did not complete its other obligations under the Loan," particularly not renovating the house. The district court's findings are not clearly erroneous. Excellent Home, in submitting the full-credit bid, did not justifiably rely on Kinard's misrepresentations, so its claim is not excepted from discharge.

II.

Excellent Home argues the bankruptcy court erred in failing to consider the merits of the state law claims and whether it should receive distributions under the bankruptcy plan. The district court construed the bankruptcy court's judgment as proposed findings of fact and law and dismissed Excellent Home's state law claims. *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 39 (2014) (approving this practice).

Based on the findings of fact here, Excellent Home's reliance was unjustifiable. *See Spirtas Co. v. Nautilus Ins. Co*., 715 F.3d 667, 670 (8th Cir. 2013) ("This court may affirm the judgment on any basis supported by the record." (quotation omitted)). Missouri fraudulent misrepresentation, negligent misrepresentation, and derivative civil conspiracy each require a plaintiff justifiably rely on defendant's actions. *See Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 132 (Mo. banc 2010) (characterizing reliance in fraudulent misrepresentation as a question of "whether a party has justifiably relied on a misrepresentation"); *Dancin Dev., L.L.C. v. NRT Missouri, Inc.*, 291 S.W.3d 739, 744 (Mo. App. 2009) ("To state a claim for negligent misrepresentation, a plaintiff must plead facts that support . . . the hearer justifiably relied on the information."); *Higgins v. Ferrari*, 474 S.W.3d 630, 643 (Mo. App. 2015) (holding if "there was neither actual fraud nor constructive fraud to support the [plaintiffs'] claims for fraudulent transfer," then "there is no underlying unlawful act or tort to support a civil conspiracy.").

Since Excellent Home's reliance was not justified, its state law claims were properly dismissed. "Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." *Reuter v. Cutcliff* (*In re Reuter*), 686 F.3d 511, 515 (8th Cir. 2012). "[T]here are at least a couple of layers of issues here. One, whether there are claims and second, whether they are non-

dischargeable." ***Id.*** at 516. Excellent Home does not have a claim. Even if it did, it is not excepted from discharge.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____