Gary M. Gaertner, Jr., Judge
Introduction
This case is here for the second time on appeal. Darrell I. Bolden (Defendant) initially appealed his convictions arguing that the trial court violated his constitutional right to counsel by allowing him to waive counsel while at the same time ordering a report regarding Defendant's competency to stand trial. State v. Bolden, No. ED102965, 558 S.W.3d 513, 2016 WL 7106291 (Mo. App. E.D. Dec. 6, 2016) ( Bolden I ). This Court found Defendant's right to counsel was violated by the trial court's failure to appoint counsel until Defendant's competency was determined, but because the trial court had ordered a contemporaneous report of Defendant's competency, this Court remanded for an evidentiary hearing regarding the validity of the competency report. Id. at 519-21, 2016 WL 7106291 at *5-6. Defendant now appeals the trial court's determination that the competency report was valid. We affirm.
Background
Defendant was convicted of two counts of first-degree robbery and two counts of armed criminal action, and the trial court sentenced him as a prior and persistent offender to consecutive terms of life imprisonment for each count of first-degree robbery and 25 years for each count of armed criminal action.
There is no indication in the record that Defendant was represented by counsel at any point prior to trial. On May 5, 2014, approximately nine months after Defendant's indictment, the trial court considered Defendant's request to waive counsel and represent himself at trial pro se. The trial court found Defendant made a knowing and voluntary waiver of his right to counsel. The State had filed a request for *829 psychiatric evaluation of Defendant, and the trial court then heard argument on the State's motion and granted it. After receiving the report from the Department of Health, the trial court found Defendant competent to proceed to trial pro se.
In Bolden I, this Court held that the trial court plainly erred in allowing Defendant to waive his right to counsel while unrepresented and before determining Defendant was competent to stand trial. Id. at 519-20, 2016 WL 7106291 at *5. This Court noted that retrospective competency determinations are difficult and often a new trial is appropriate. Id. (citing Pate v. Robinson, 383 U.S. 375, 387, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) ). However, because the trial court had ordered a contemporaneous competency evaluation, this Court found a new trial was not automatically required. Id. at 519-21, 2016 WL 7106291 at *5-6 (citing Eley v. Bagley, 604 F.3d 958 (6th Cir. 2010) ("Retroactive determinations of competency are difficult, and any such determination must be based on evidence derived from knowledge contemporaneous to trial" (internal quotation omitted) ) ). Thus, this Court remanded for an evidentiary hearing, at which Defendant would be represented by counsel, in order to determine the validity of the prior competency report. Id. at 520-21, 2016 WL 7106291 at *6.
After remand in Bolden I, the trial court held an evidentiary hearing, at which Defendant was represented by counsel. At the hearing, Defendant's counsel argued the following:
Judge, the only argument I would make is that the report was completed after [Defendant] had waived counsel and that we have no way to look back at the time that he waived counsel even via the report.
The trial court asked whether Defendant was "challenging the competency report in any way," and counsel answered, "Judge, I'm not challenging that competency report, no." The trial court then found that Defendant was competent to stand trial pro se at the time of his trial, based on the competency report in evidence. This appeal follows.
Discussion
Defendant argues that the trial court's hearing was an inadequate remedy in that there was no opportunity for meaningful adversarial testing of the original competency report. We disagree.
The Sixth Circuit in U.S. v. Ross noted the silence of the United States Supreme Court on the issue of remedy, as well as the difference among federal courts of appeals regarding whether automatic reversal is required when a defendant has been denied his or her right to counsel during a competency hearing. 703 F.3d 856, 874 (6th Cir. 2012) (comparing Appel v. Horn, 250 F.3d 203, 217-18 (3d Cir. 2001) (holding retrospective analysis of defendant's competency is not appropriate remedy) with U.S. v. Klat, 156 F.3d 1258, 1264 (D.C. Cir. 1998) (remanding for evidentiary hearing to determine whether competency hearing could have come out differently if defendant had been represented by counsel) ). In Bolden I, this Court determined that the competency report prepared following Defendant's waiver of counsel provided contemporaneous evidence of his competency to stand trial and to waive counsel,[1] *830 and under the circumstances, an evidentiary hearing to determine the validity of that contemporaneous report would allow Defendant an opportunity to contest the findings of that report. Rather than exercising the remedy provided by this Court, Defendant continues to argue that the remedy was inadequate. Bolden I answered this question, and we do not review it here.
Defendant had an opportunity at the evidentiary hearing to attack the competency report and the sufficiency of its findings through argument, to call the doctor who evaluated Defendant as a witness and question him regarding the methods used for Defendant's evaluation, to call other witnesses to testify regarding Defendant's state of mind at the time of trial, or to testify himself regarding whether the competency report accurately reflected the statements Defendant had made during the evaluation.[2] We make no decision as to whether any one type of evidence would have required the trial court to order a new trial, as it would have been for the trial court to weigh that decision in light of the evidence presented. We note only that Defendant chose a strategy to present no evidence, solely relying on the legal argument that this Court's remedy was inadequate. We cannot evaluate the adequacy of meaningful adversarial testing when Defendant made no attempt at any adversarial testing. Given the lack of additional evidence and Defendant's counsel's affirmative statement that Defendant did not challenge the competency report, we cannot say the trial court erred in accepting the report's findings as substantial evidence of Defendant's competency and restating its prior determination that Defendant was competent to stand trial. See State v. Anderson, 79 S.W.3d 420, 433 (Mo. banc 2002) ("The trial court's determination of competency is one of fact, and must stand unless there is no substantial evidence to support it"). Point denied.
Conclusion
The judgment of the trial court is affirmed.
Kurt S. Odenwald, P.J., concurs.
Colleen Dolan, J., concurs.

The contemporaneous competency report circumstance here distinguishes Defendant's case from United States Supreme Court cases relied on by Defendant in which the Court ordered new trials because either the trial court failed to conduct an inquiry into a defendant's competency despite clear circumstances putting competency at issue, or that a psychiatric examination in evidence failed to address the legal questions of competency sufficiently. See Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) (finding testimony of witnesses as well as defendant's demeanor at trial should have prompted further inquiry into defendant's competency, and psychiatrist who examined defendant failed to address issues of competence to stand trial as distinguished from mental and emotional condition generally); Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) (finding trial court should have inquired into defendant's sanity when four defense witnesses questioned defendant's sanity and prosecutor also requested that examining doctor make finding regarding sanity); Dusky v. U.S., 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (holding there was not enough evidence in record to support finding of competency, noting doubt and ambiguity regarding legal significance of psychiatric testimony in record). Unlike in these cases, here there were no witnesses questioning Defendant's competency at the time. Only the State requested a competency examination, and the trial court granted the State's request, which provided contemporaneous evidence relevant to the legal issue of Defendant's competency at the time of trial.

Further, defense counsel could have requested then own competency examination of Defendant at the time of the evidentiary hearing. While such an examination would not have established his competency at the time of trial, it could have been one piece of evidence casting doubt on the trial court's prior determination that the trial court could have weighed at the evidentiary hearing.