Nancy Steffen Rahmeyer, J.
Kenneth Bell and NEZ, Inc. (collectively, "Appellants") filed a multiple-count suit against General Motors of Missouri, LLC ("General Motors") and Baldwin Chevrolet, Cadillac, Inc. ("Respondent") based on alleged defects in a 2013 Corvette that Appellants purchased new from Respondent on February 3, 2014. Subsequently, Appellants voluntarily dismissed all counts of their suit other than Count I, which requested "rescission of the sale contract" and was solely against Respondent. Following Appellants' dismissal, Respondent requested summary judgment on Count I. The trial court granted Respondent's request, and entered an amended judgment on February 8, 2018, stating: "This Court finds that Plaintiff[s have] an adequate remedy at law, that being the car at issue remains under warranty until February 2019, which Defendant Baldwin Chevrolet, Inc. is honoring. Therefore, equitable relief cannot be granted. Defendant's Motion for Summary Judgment is granted." Appellants appeal from the amended judgment raising a single point with four sub-points. Respondent filed a motion to dismiss the appeal for violations of Rule 84.04.[1] Respondent contends that it cannot determine Appellants' actual argument on appeal. Respondent's motion is well taken and is granted. The appeal is dismissed.
We start with Appellant's point relied on, which states:
THE TRIAL COURT ERRED FINDING BELL HAD AN "ADEQUATE REMEDY AT LAW" PRECLUDING EQUITABLE RESCISSION IN THAT:
1. THE UCC AUTHORIZES EQUITABLE RESCISSION AS AN ELECTABLE, SEPARATE, INDEPENDENT ACTION;
2. THE "ADEQUATE REMEDY AT LAW" IS NOT ADEQUATE WHERE THE HIGH PERFORMANCE CAR'S ENGINE OIL WAS AND IS STILL CONTAMINATED;
3. "ADEQUATE REMEDY AT LAW" DOES NOT INCLUDE A POTENTIAL CAUSE OF ACTION AGAINST NON-PARTY GM; (WHICH IS REALLY AN INDEMNITY CLAIM AGAINST GM BY BALDWIN); AND
4. THE "ADEQUATE REMEDY AT LAW" IS NOT ADEQUATE
*471 WHERE UNDISPUTED FACTS APPLIED TO THE LAW SHOWS THE APPELLANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW WHERE BALDWIN'S CASES, RELIED ON BY JUDGE MAYER, SHOW MISAPPLICATION TO THESE FACTS.
Rule 84.04 has very specific requirements for drafting an appellate brief. Respondent complains that several aspects of Appellants' brief violate Rule 84.04. Specifically, Respondent argues that the brief technically violates Rule 84.04(d). More importantly, the technical violations are substantive. Respondent claims Appellants set forth facts that are not supported in the record, mis-cited facts, ignored the obvious legal argument at issue, and ignored the requirements of a Point Relied On. We agree.
We begin with the point relied on, Rule 84.04(d).[2]
Appellant's Point Relied On section of his brief violates MO. SUP. CT. R. 84.04(d) in that it sets forth one multifarious Point Relied On without a single citation to any authority to show how any point is supported. Missouri Supreme Court Rule 84.04(d) sets forth the requirements for a Point Relied On, and those requirements will be strictly applied. Brown v. Ameristar Casino Kansas City, Inc. 211 S.W.3d 145, 147 (Mo. App. W.D. 2007). The genius of a Point Relied On is it forces the parties to make a specific point. An appellant often has a difficult job of trying to concisely state why under the facts and law the trial court's ruling was erroneous. However, if the Point Relied On is well drafted, the respondent is forced to address that argument directly by the requirements of MO. SUP. CT. R. 84.04 (f). "Adherence to the rule serves to notify the opposing party of the precise matters under contention and inform the court of the issues presented for review." Bishop v. Metro Restoration Servs., Inc. 209 S.W.3d 43, 45 (Mo. App. S.D. 2006).
A well drafted Point Relied shall:
"(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error, and (C) explain in summary fashion why, [in] the context of the case, those legal reasons support the claim of reversible error."
MO. SUP. CT. R. 84.04 (d). To ensure compliance, the drafters of the Rule even set forth a proposed format: "The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim or reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]." MO. SUP. CT. R. 84.04 (d). The drafters of the rule also noted that "abstract statements of law, standing alone, do not comply with the rule." MO. SUP. CT. R. 84.04 (d)(4). Finally, to prove that there is legal authority for the stated legal reasons, MO. SUP. CT. R. 84.04 (d)(5) also requires the Appellant to list the top four case[s] that support the Point Relied On.
Page 13 of Appellant's Brief is the section where Appellant attempts to comply with MO. SUP. CT. R. 84.04 (d). Appellant set forth only one Point Relied On. However, the single Point Relied On appears to have 4 disparate arguments.
*472 One argument appears to be the general proposition that the UCC authorizes Equitable Rescission as an electable, separate, independent action. A second argument appears to be a factual argument that there was no adequate remedy at law in this case because the engine oil is still contaminated. The third argument appears to be a legal argument that an unfiled legal claim against a third party does not satisfy the adequate remedy at law requirement. The fourth argument appears to be a combination legal and factual argument. Appellant is arguing that there are some undisputed facts (without listing one) showing that Appellant is entitled to judgment as a matter of law (relief that was not requested in the trial court) and the support for this unrequested relief is in two cases cited by Baldwin to the trial court.
A single Point Relied On that "groups multiple disparate claims is multifarious, does not comply with Rule 84.04, and generally preserves nothing for appellate review." Mansfield v. Horner, 443 S.W.3d 627, 653 (Mo. App. W.D. 2014) ; citing, Rouse v. Cuvelier, 363 S.W.3d 406, 419 (Mo. App. W.D. 2012). Appellant violated MO. SUP. CT. R. 84.04 (d) when Appellant drafted a multifarious Point Relied On with disparate claims.
We agree.
Next, Respondent notes that Appellants failed to cite a single case, statute or authority of any kind in the point relied on section of the brief as required by Rule 84.04(d)(5). Again, as Respondent notes, the violation is not merely a technical violation but is a substantive violation. Appellants failed to argue that any cases support their purported claim that the court erred in granting summary judgment for Respondent. In other words, the deficient point is compounded by an insufficient listing of authority. Although the UCC provisions are cited as authority, in what is clearly a confusing argument, Appellants argue that the UCC does not apply to the grant of summary judgment.
Finally, Respondent addresses the argument section of the brief. While noting that Appellants violated Rule 84.04(e) by changing the point relied on in the argument section, Respondent correctly notes that the point relied on fails to "state concisely the legal reasons for the Appellant[s'] claim of reversible error" and completely fails to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d) tries to make compliance as easy as possible by suggesting an appellant use the word "because" before stating the concise legal reason and the phrase "in that" before explaining why those legal reason support reversal. Respondent astutely shows the deficiency in Appellants' point by rewriting Appellants' point in the correct format:
When Appellant[s'] four separate Points Relied On (in the Argument) are re-written with the omitted sentence and with the use of the suggested word "because" and the phrase "in that" the missing information becomes apparent.
Point I can be rewritten as follows:
THE TRIAL COURT ERRED FINDING BELL HAD AN "ADEQUATE REMEDY AT LAW" PRECLUDING EQUITABLE RESCISSION [BECAUSE] THE UCC AUTHORIZES EQUITABLE RESCISSION AS AN ELECTABLE SEPARATE, INDEPENDENT ACTION [IN THAT] ...
The failure to have any information after the phrase [IN THAT] is a failure to explain in summary fashion why, in the context of the case, this argument supports reversing the [trial court's] grant *473 of Summary Judgment. Baldwin will argue in the Respondent's brief that no such reversal is possible because the UCC's provision for revocation (which is equitable rescission) expressly does not apply in the context of this case.
Because Appellants have actually four separate points in their one point, each of the separate points must necessarily have a section which explains in a summary fashion why, in the context of the case, their argument supports reversing the trial court's grant of summary judgment. Appellants failed to appropriately do so in each of the points they were trying to make. As importantly where Appellants did state some facts in the context of a legal argument, they did not cite appropriately to the Legal File to support the factual claim.
Again, as noted by Respondent, Appellants' errors are critical because it is very hard to determine what Appellants' argument is. The policy behind Rule 84.04(d) is an appellant's brief should give notice to the respondent of the precise matters which must be contended with and answered. Amparan v. Martinez , 862 S.W.2d 497, 499 (Mo. App. E.D. 1993). " 'An appellant's brief which is so deficient as to require respondent to guess at the nature and scope of claimed errors in an effort to respond creates difficulty for the respondent[,]' as well as for the appellate court." Carden v. Mo. Intergovernmental Risk Mgmt. Ass'n , 258 S.W.3d 547, 554 (Mo. App. S.D. 2008) (quoting Amparan , 862 S.W.2d at 499 ).
Respondent complains that Appellants' statement of facts violates Rule 84.04(c) because (a) it fails to cite to the record for multiple alleged facts, (b) Appellants put together a laundry lists of facts without any indication how those facts are relevant to any argument (most of which never appear in the Argument section of the brief) and (c) Appellants then left out important facts that make it impossible to call the statement of facts fair.
This Court has made it clear to all attorneys that "A brief does not substantially comply with Rule 84.04 (c) when it highlights facts that favor the appellant and omits facts supporting the judgment." Prather v. City of Carl Junction , 345 S.W.3d 261, 263 (Mo. App. S.D. 2011). " 'Aside from violating Rule 84.04(c), failure to acknowledge adverse evidence is simply not good appellate advocacy. Indeed, it is often viewed as an admission that if the Court was familiar with all of the facts, the appellant would surely lose.' " Id. (quoting Evans v. Groves Iron Works , 982 S.W.2d 760, 762 (Mo. App. E.D. 1998) ).
Appellants' statement of facts contains multiple facts that have nothing to do with Appellants' argument and then leaves out some of the most important facts in the case. Respondent gives us numerous examples of facts that were not in the summary judgment record or that were relevant and support the judgment.
Because the briefing violations are so significant and so impede the resolution of this matter, we dismiss the appeal.[3]
Don E. Burrell, P.J., - Concurs
Gary W. Lynch, J., - Concurs

All rule references are to Missouri Court Rules (2018).

We set forth below Respondent's argument verbatim. It is well-reasoned and, frankly, as well stated as we could do. Additional portions of Respondent's motion to dismiss and suggestions in support thereof are incorporated herein without further attribution.

Appellants' motion for attorney's fees is denied.