

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| CARLOS GUERRA, | ) | |
| | ) | |
| Appellant, | ) | WD81885 |
| v. | ) | |
| | ) | |
| | ) | OPINION FILED: |
| | ) | July 9, 2019 |
| LOCARNO PARTNERS, LP, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Jennifer M. Phillips, Judge**

**Before Division Two:** Thomas N. Chapman, Presiding Judge, and
Mark D. Pfeiffer and Cynthia L. Martin, Judges

Mr. Carlos Guerra ("Guerra") appeals the judgment of the Circuit Court of Jackson County, Missouri ("circuit court"), ruling against him on his claims of intentional interference with contract and breach of contract and in favor of Locarno Partners, LP, on its counterclaims that Guerra breached the lease agreements on two units of its property and owed rent and other damages for that breach. Because of significant briefing deficiencies that hamper our ability to review this case on the merits, Guerra's appeal is dismissed.

### Background

The Locarno Apartments, owned by Locarno Partners, LP ("Locarno"), are located across the street from the Country Club Plaza in Kansas City, Missouri. Locarno utilizes the property

management services of NFI Management, Inc. ("NFI"), at the Locarno Apartments. In December of 2016, Ms. Karen Kennedy, the regional property supervisor for NFI discovered an ad for a Locarno apartment unit on Craigslist which was not placed by Locarno. Upon further investigation, Ms. Kennedy discovered that Guerra had leases on two Locarno apartment units, numbers 206 and 904, was not occupying either unit, and was subleasing them through Airbnb, an internet-based marketplace which lets people rent out their properties or spare rooms to guests. Locarno representatives posted "Notices to Unauthorized Occupants" to vacate the apartments on the doors of the units, and subsequently, the parties subleasing the properties vacated the apartment units.

In April 2017, Guerra filed a petition alleging one count of intentional interference with contract, because Locarno had ordered his sublessees to leave the units, thereby depriving him of money he would have earned from them, and one count of breach of contract, alleging that Locarno breached its lease with Guerra by cancelling his sublease of unit 904 and not allowing him to rent out unit 206. Locarno filed its answer and counterclaims, denying the validity of Guerra's claims, asserting its affirmative defenses, and asserting its own counterclaims that Guerra defaulted on his leases of apartment units 904 and 206 and owed rent and further damages for the breached lease agreements for those units.

This bench-tried case was heard by the circuit court on April 6, 2018. On May 2, 2018, the circuit court issued its judgment ruling against Guerra on his claims of intentional interference with contract and breach of contract and in favor of Locarno on its counterclaims that Guerra breached the lease agreements on two units of its property and owed rent and other damages for that breach. The trial court denied Guerra's motion for new trial. Guerra appeals.

**Analysis**

We find that respondent's motion to dismiss Guerra's appeal on the basis of Rule 84.04 briefing violations to be well taken and grant the motion to dismiss.

Guerra's initial brief was stricken for numerous briefing deficiencies including, but not limited to, deficiencies relating to his point relied on and the argument section of his brief. Guerra's amended brief is no better. Guerra's amended sole point on appeal, in its entirety, states: "The court erred in not finding for appellants [sic] that the leases signed by appellant were breached by appellant."

Aside from being somewhat nonsensical, this point relied on fails to identify "wherein and why" the circuit court allegedly erred. From this point relied on, we cannot tell whether Guerra is arguing that the circuit court's judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *R&J Rhodes, LLC v. Finney*, 231 S.W.3d 183, 187 (Mo. App. W.D. 2007).

Rule 84.04(d)(1) requires each point to "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."[1]

"Rule 84.04 is not merely an exhortation from a judicial catechism nor is it a suggestion of legal etiquette." *Shockley v. State*, SC96633, 2019 WL 1614593, at *25 n.9 (Mo. banc Apr. 16, 2019) (citing *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). "An appellate court's

---

[1] Not only does Rule 84.04 expressly note the point-relied-on requirements, as a courtesy to litigants and their counsel, our Court's website has posted a primer on writing points relied on that comply with Rule 84.04 and anyone may view that discussion in the document titled "Western District Quick Guide to Appellate Practice" on the www.courts.mo.gov website under the drop-down menu for Court of Appeals, Western District.

role is to review specifically challenged trial court rulings, not to sift through the record to detect possibly valid arguments." *Smith v. City of St. Louis*, 395 S.W.3d 20, 29 (Mo. banc 2013). "Inadequate points create a root problem: this Court may interpret a contention differently than does the opponent or differently than was intended by the party asserting the contention." *J.A.D. v. F.J.D.*, 978 S.W.3d 336, 339 (Mo. banc 1998). "'It is not the function of the appellate court to serve as advocate for any party to an appeal. That is the function of counsel. It would be unfair to the parties if it were otherwise. . . . Courts should not be asked or expected to assume such a role.'" *Manzara v. State*, 343 S.W.3d 656, 659 n.8 (Mo. banc 2011) (quoting *Thummel*, 570 S.W.2d at 686).

Here, Guerra's point on appeal does not "state concisely the legal reasons for [his] claim of reversible error," nor does it "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(B) and (C).

Further, though this is a case involving the circuit court's interpretation and application of lease agreements to the facts of this case, absent from Guerra's entire appellate briefing is any mention of the terms of the lease agreement.[2] In fact, Guerra's entire statement of facts is one paragraph with six sentences and, while it does not provide any details of the lease agreement, the facts provided are not confined to those supporting the circuit court's judgment and, instead, only provide Guerra's argument of how certain evidence supported the position he was apparently attempting to make to the circuit court. Since, from an appeal of a bench-tried case, "[w]e view

---

[2] *Ex gratia*, upon reading the lease agreement exhibits found in the record on appeal, we note that there are numerous provisions in the lease agreements that are unfavorable to Guerra's arguments below at trial before the circuit court and his attempted arguments before this court. For example, the lease agreements prohibit subleases without written approval by Locarno, no oral waivers or modifications are permitted, and no modifications whatsoever may be made to the lease agreements without a "writing signed by both Landlord and Tenant." Given these contractual obligations and an absence of any facts below evidencing such written modifications or waivers to the lease agreements, we find it no coincidence that Guerra ignores these provisions in his appellate briefing to this court. Intentionally ignoring facts favorable to the judgment is, however, fatal to an appellant's appeal—as explained more fully in our ruling today.

the evidence and all reasonable inferences in the light most favorable to the judgment and disregard all contrary evidence and inferences," *May v. Williams*, 531 S.W.3d 576, 582 (Mo. App. W.D. 2017), Guerra's statement of facts has ignored our lens of factual review; the same is true of the argument section of Guerra's appellate brief. Statements of fact consisting of the appellant's version of the events, rather than a statement of the evidence in the light most favorable to the verdict as required by Rule 84.04, are non-compliant and fail to preserve the appellant's claim for review. *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. W.D. 2013).

Additionally, Rule 84.04(c) requires a fair and concise statement of the facts relevant to the issues presented for review, without argument, and Guerra ignores this appellate rule requirement. "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Tavacoli v. Div. of Emp't Sec.*, 261 S.W.3d 708, 710 (Mo. App. W.D. 2008) (internal quotation marks omitted). A statement of facts, like here, that is argumentative and "consist[s] of conclusory assertions leaves a reviewing court with an insufficient basis for evaluating the facts." *Bridges v. Am. Family Mut. Ins. Co.*, 146 S.W.3d 456, 459 (Mo. App. W.D. 2004).

Finally, the argument section of Guerra's brief raises numerous arguments for the first time on appeal and not itemized by his point relied on, meandering from abstract statements related to apparent authority to conclusory statements about the sufficiency of the evidence. Where appellant's argument is not limited to the errors alleged in the Point Relied On, appellant fails to comply with Rule 84.04(e), and the claim is not preserved for review. *Klotz v. St. Anthony's Med. Ctr.*, 311 S.W.3d 752, 763 n.4 (Mo. banc 2010). And, none of Guerra's arguments are developed with precedent that he applies to the context of the argued facts he presents in his briefing. In fact, other than citing *Murphy v. Carron*, Guerra cites to one case precedent and then fails to discuss

5

the relevancy of that precedent to the issues at hand, whatever those issues may be. "The argument should demonstrate how principles of law and the facts of the case interact[,]" and failure to support a legal contention with argument beyond conclusions results in the point relied on being deemed abandoned. *Lattimer*, 412 S.W.3d at 423 (internal quotation marks omitted).

"An appellate court prefers to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief." *Maskill v. Cummins*, 397 S.W.3d 27, 31 (Mo. App. W.D. 2013). "[W]e generally will do so, however, only where the argument is readily understandable." *Nicol v. Nicol*, 491 S.W.3d 266, 271 (Mo. App. W.D. 2016) (internal quotation marks omitted). "This is not such a case." *Id.* Here, Guerra's briefing is so deficient as to hamper our ability to properly review his case. *Id.* "Moreover, as an intermediate appellate court charged with the duty to enforce the Supreme Court Rules, we do not believe it is our place to continually excuse [non-]compliance with the procedural rules written by the Missouri Supreme Court." *Id.*

**Conclusion**

Given Guerra's numerous failures to comply with Rule 84.04 in his appellate briefing submitted to this court, we dismiss the appeal.

/s/ *Mark D. Pfeiffer*
Mark D. Pfeiffer, Judge

Thomas N. Chapman, Presiding Judge, and Cynthia L. Martin, Judge, concur.

6