In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

IN THE ESTATE OF: ) ED109026
SHAWN EDWARD JACOBS, DECEASED )
 ) Appeal from the Circuit Court of
 ) St. Louis County
 ) 17SL-PR02420
 )
 ) Honorable Ellen S. Levy
 )
 ) Filed: July 6, 2021

 Chad G. Jacobs, Derek T. Jacobs, and Trisha H. Jacobs (Beneficiaries) appeal from the

judgment of the Circuit Court of St. Louis County’s Probate Division finding in favor of

Respondent Stone & Alter Real Estate Company (Stone) on its Petition for Accounting in the

amount of $495,088.95. We affirm.

 BACKGROUND

 Shawn E. Jacobs (Decedent) was a principal owner of Cicero’s, Inc. (Cicero’s), a

Missouri corporation that owned Cicero’s, a well-known St. Louis-area restaurant. On August

23, 1996, Stone entered into a commercial lease with Cicero’s. At the time the lease was

executed, Decedent and his wife, Alice Jacobs (Mrs. Jacobs), also signed a Guarantee of Lease

(Guarantee), personally guaranteeing Cicero’s performance of the lease. This Guarantee was

ratified by Decedent at the same time as various amendments to the lease, with the most recent

being January 1, 2015.
 On October 29, 2003, Decedent created the Shawn E. Jacobs Living Trust (Jacobs Trust).

Decedent was the sole grantor of the trust. Decedent and his wife were co-trustees, and their

three children Chad, Derek, and Trisha were the beneficiaries. The Jacobs Trust provides in

relevant part:

 [Article III] A. Income and Principal. During the [Decedent’s] lifetime, the
 Trustee shall pay so much or all of the income and principal of the Trust Estate to
 the [Decedent] or otherwise as the [Decedent] directs.

 On January 22, 2012, Mrs. Jacobs passed away. Under the terms of the Jacobs Trust,

Neil Packman (Trustee), who had been Decedent’s accountant for 30 years, became the

successor co-trustee. On June 10, 2016, Decedent passed away. For the remainder of 2016,

Beneficiaries directed Trustee to transfer a total of $106,000 from the Jacobs Trust to support

Cicero’s.

 On April 6, 2017, Trustee published a “Notice to Creditors by Trustee,” which required

claimants to present their claims to Trustee regarding debts owed by Decedent within the

following six months pursuant to Section 456.5-505.5. 1 Also on April 6, 2017, Stone filed a

Petition to Require Administration of Decedent’s probate estate pursuant to Section 473.020.

Stone’s petition included its claim, along with an affidavit describing the claim against

Decedent’s estate for his personal guaranty of Cicero’s lease. The next day, on April 7, the claim

was communicated to the Trustee when the Personal Representative appointed in Stone’s probate

case, Peter C. Palumbo III (Personal Representative), called Trustee and advised him of the

claim in the pending probate case.

 On June 1, 2017, Cicero’s defaulted on its lease. On June 6, 2017, the Personal

Representative sent Trustee a letter by both email and regular mail notifying Trustee of Stone’s

1
 All statutory references are to RSMo (2016), unless otherwise indicated.

 2
claim against Decedent’s estate, which included the Petition to Require Administration filed on

April 6, the accompanying affidavit describing the claim, and a document stating Stone’s claim

amounted to somewhere between $459,328.10 and $1,621,158.00, plus attorney’s fees.

However, on June 23, 2017, Trustee distributed $165,800 to each of the Beneficiaries (Disputed

Transfers), amounting to a total of $497,400, thereby depleting all the assets held in the Jacobs

Trust. On September 5, 2017, Stone made a written demand on the Personal Representative to

institute an action for accounting to recover from Beneficiaries the Disputed Transfers.

 Since Trustee transferred the assets from the Jacobs Trust rather than pay Stone’s claim,

Stone had no choice but to initiate litigation. On November 22, 2017, Stone filed a Petition for

Accounting under Section 461.300, seeking a judgment ordering Beneficiaries to return their pro

rata share of the Disputed Transfers to Decedent’s estate. Beneficiaries filed a motion to

dismiss, arguing Section 456.5-505.5’s publication provision barred Stone’s claims. The trial

court denied the motion to dismiss because it found that within Section 456.5-505.5’s six-month

period following Trustee’s publication of notice to creditors, which ran from April 6, 2017, to

October 6, 2017, Stone presented the claims to Trustee three different times. 2

 On March 13, 2020, the trial court entered its Order and Judgment requiring Beneficiaries

to each pay $165,029.65 to Decedent’s estate. Specifically, the trial court found: (1) Stone is a

qualified claimant under Section 461.300.10(3); (2) immediately prior to his death, Decedent

held a power of withdrawal over the Jacobs Trust income and principal, making the Jacobs Trust

property subject to the claims of his creditors; therefore, the Disputed Transfers are recoverable

transfers under Section 461.300.10(4); and (3) the assets of Decedent’s probate estate are

inadequate to pay the estate’s debts.

2
 However, we note there is no evidence in the record showing the Personal Representative actually communicated
Stone’s September 5, 2017 demand to the Trustee.

 3
 This appeal follows.

 DISCUSSION

 Beneficiaries raise two points on appeal. First, they argue the trial court erred in denying

their motion to dismiss and motion for directed verdict because Section 456.5-505.5 barred

Stone’s claim in that it was not “presented” to Trustee during the six-month period following

Trustee’s publication of notice to Decedent’s creditors. Second, they assert the trial court erred

because the Jacobs Trust was “subject to the protections against creditor’s claims pursuant to

[Section] 456.5-504 and [Section] 456.505.”

 Standard of Review

 Generally, the appellate court will affirm the judgment of the trial court unless there is no

substantial evidence to support it, it is against the weight of the evidence, it erroneously declares

the law, or it erroneously applies the law. In re Estate of Jones, 280 S.W.3d 647, 650 (Mo. App.

W.D. 2009) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)). However, because

statutory construction is a question of law, the appellate court’s review is de novo, and it gives no

deference to the trial court’s determination of law. Id. (citing Mo. Highway & Transp. Comm’n

v. Merritt, 204 S.W.3d 278, 281 (Mo. App. E.D. 2006)).

 Point I

 Beneficiaries argue the trial court erred in denying their motion to dismiss and motion for

directed verdict because Section 456.5-505.5 barred Stone’s claim against Trustee and the Jacobs

Trust property. They assert Stone did not “present” its claim to Trustee within the six-month

period because Stone did not file its Petition for Accounting within that time.

 4
 Analysis

 The issue is whether Stone timely “presented” its claim to Trustee within the meaning of

Section 456.5-505.5. To determine the meaning of Section 456.5-505.5, we turn to statutory

interpretation.

 The rules of statutory interpretation are not intended to be applied haphazardly or
 indiscriminately to achieve a desired result. Instead, the canons of statutory
 interpretation are considerations made in a genuine effort to determine what the
 legislature intended. This Court's primary rule of statutory interpretation is to give
 effect to legislative intent as reflected in the plain language of the statute at issue.

Parktown Imports, Inc. v. Audi of Am., Inc., 278 S.W.3d 670, 672 (Mo. banc 2009).

 Generally, Section 456.5-505 determines when trust assets are subject to claims by the

settlor’s creditors. Section 456.5-505.5 3 allows a trustee to publish notice in a newspaper

informing creditors of the deceased settlor to present the decedent’s debts to the trustee within

six months of the date of the first publication of notice or be forever barred. The definitions

applicable to Section 456.5-505 are found in Section 456.1-103, which does not define “present”

or “claim of creditor.” We have not found any cases interpreting the word “present” in the

context of Section 456.5-505.5.

 Beneficiaries argue Stone “presented” its claim only when it filed the Petition for

Accounting on November 22, 2017, which was outside of Section 456.5-505.5’s six-month

period. Beneficiaries assert that Stone’s sole avenue for recovering from assets in the Jacobs

Trust was to file an action for accounting within the six-month period. However, this argument

3
 Section 456.5-505.5 provides in relevant part:
 5. Any trustee who has a duty or power to pay the debts of a deceased settlor may publish a notice
 in a newspaper published in the county designated in subdivision (3) of this subsection once a week
 for four consecutive weeks in substantially the following form:
 To all persons interested in the estate of.........., decedent. The undersigned .......... is acting as Trustee
 under a trust the terms of which provide that the debts of the decedent may be paid by the Trustee(s)
 upon receipt of proper proof thereof. The address of the Trustee is..........
 All creditors of the decedent are noticed to present their claims to the undersigned within six (6)
 months from the date of the first publication of this notice or be forever barred . . .

 5
fails to recognize that Stone’s action for accounting only became necessary when Trustee

ignored Stone’s multiple communications regarding its claim and subsequently disbursed the

trust assets. If Trustee had simply responded to Stone’s claim, this litigation would not have

been necessary. Accordingly, Stone was not required to file an action for accounting in order to

properly present its claim to Trustee under Section 456.5-505.5.

 Beneficiaries further argue that Section 456.975 supplies the relevant definition of a

“claim of creditor,” which defines how to “present” a claim to a trustee. However, this argument

fails for two reasons. First, the plain language of Section 456.975 states that its definitions apply

to Sections 456.970 to 456.1135. Second, Section 456.1120 provides, “Section 456.970 to

456.1135 shall not limit the ability of a creditor or other claimant to reach a beneficial interest as

otherwise provided in sections 456.5-501 to 456.5-507.” (emphasis added). Thus, Section

456.975 provides no assistance to determine the meaning of “present” as used in Section 456.5-

505.5.

 In the absence of statutory definitions, we may rely on dictionary definitions to ascertain

the meaning of the language used therein. Invs. All., LLC v. Bordeaux, 428 S.W.3d 693, 696

(Mo. App. E.D. 2014) (citing Gash v. Lafayette Cnty., 245 S.W.3d 229, 232 (Mo. banc 2008)).

Therefore, we turn to the dictionary to define the plain meaning of “present.” Interestingly,

Black’s Law Dictionary (11th ed. 2019), does not define the verb “present.” However, Merriam-

Webster provides the following definitions:

 1 : to make a gift to
 2 : to give or bestow formally
 3a : to bring (something, such as a play) before the public
 b(1) : to bring or introduce into the presence of someone especially of superior rank
 or status
 (2) : to introduce socially
 4a : to offer to view : show
 b : to bring to one's attention

 6
 //This presents a problem.
 5a : to lay (something, such as a charge) before a court as an object of inquiry
 b : to bring a formal public charge, indictment, or presentment against
 6 : to nominate to a benefice
 7 : to aim, point, or direct (something, such as a weapon) so as to face something
 or in a particular direction
 8 : to act the part of : perform

Present, Merriam-Webster, https://www.merriam-webster.com/dictionary/present (last visited

June 22, 2021). We find the fourth and fifth entries instructive to interpret what it means to

“present” a claim to a trustee. Thus, a creditor sufficiently “presents” its claim to a trustee when

the creditor brings the claim – or “presents a problem” – to the trustee’s attention.

 Here, Stone “presented” the claim to Trustee within Section 456.5-505.5’s six-month

period from April 6, 2017, to October 6, 2017. First, the day after Trustee published notice to

the creditors, the Personal Representative appointed in Stone’s Petition to Require

Administration of Decedent’s estate notified Trustee of the probate case. Then on June 6, 2017,

Stone sent Trustee a letter which included the Petition to Require Administration, Stone’s April

6, 2017 claim, Stone’s affidavit which included the Lease and Guaranty, and a document

estimating the amount of Stone’s claim. These communications were sufficient to present

Stone’s claim to Trustee. Thus, the trial court did not err in determining Section 456.5-505.5 did

not bar Stone’s claim to the trust property. Point I is denied.

 Point II

 Beneficiaries’ Point II states:

 The Court erred that the Jacobs Trust was not subject to the protections against
 creditor’s claims pursuant to R.S.Mo. §456.5-504 and R.S.Mo. §456.5-505.

 We must strictly apply Rule 84.04(d)’s requirements for a Point Relied On. Kenneth Bell

& NEZ, Inc. v. Baldwin Chevrolet Cadillac, Inc., 561 S.W.3d 469, 471 (Mo. App. S.D. 2018).

“Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that

 7
appellate courts do not become advocates by speculating on facts and on arguments that have not

been made.” FIA Card Servs., NA. v. Hayes, 339 S.W.3d 515, 517 (Mo. App. E.D. 2011)

(quoting Ward v. United Eng’g Co., 249 S.W.3d 285, 287 (Mo. App. E.D. 2008)). The policy

behind Rule 84.04(d) is an appellant’s brief should give notice to the respondent of the precise

matters which must be contended with and answered. Baldwin Chevrolet Cadillac, Inc., 561

S.W.3d at 473 (citing Amparan v. Martinez, 862 S.W.2d 497, 499 (Mo. App. E.D. 1993)). “An

appellant’s brief which is so deficient as to require respondent to guess at the nature and scope of

claimed errors in an effort to respond creates difficulty for the respondent, as well as for the

appellate court.” Id. (quoting Carden v. Mo. Intergovernmental Risk Mgmt. Ass’n, 258 S.W.3d

547, 554 (Mo. App. S.D. 2008) (internal quotation omitted)).

 “A party’s failure to substantially comply with Rule 84.04 preserves nothing for appellate

review and is insufficient to invoke our authority to hear the case.” FIA Card Servs., NA., 339

S.W.3d at 517. Thus, the failure to comply with Rule 84.04(d) warrants dismissal of the appeal.

Bridges v. Am. Family Mut. Ins. Co., 146 S.W.3d 456, 458 (Mo. App. W.D. 2004). Nonetheless:

 We have the discretion to review non-compliant briefs ex gratia where the argument
 is readily understandable. But we cautiously exercise this discretion because each
 time we review a noncompliant brief ex gratia, we send an implicit message that
 substandard briefing is acceptable. It is not.

Scott v. King, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017) (internal citation omitted); see also

State ex rel. Hawley v. Robinson, 577 S.W.3d 823, 827 (Mo. App. E.D. 2019).

 In this case, Beneficiaries’ point does not comply with Rule 84.04(d)(1) in multiple

respects. Specifically, the point is deficient because it fails to: (A) identify the trial court ruling

or action that Beneficiaries challenge; (B) state concisely the legal reasons for Beneficiaries’

claim of reversible error; and (C) explain in summary fashion why, in the context of the case,

 8
“the protections against creditor’s claims” support Beneficiaries’ claim of reversible error. See

Baldwin Chevrolet Cadillac, Inc., 561 S.W.3d at 471.

 Moreover, Beneficiaries’ point violates Rule 84.04(d)(4), which provides that “[a]bstract

statements of law, standing alone, do not comply with this rule.” Beneficiaries’ point loosely

asserts that the Jacobs Trust was “subject to the protections against creditor’s claims” provided in

two separate sections of the Missouri Uniform Trust Code, but does not identify which specific

section provides this vague “protection,” nor explain how either section protects the Jacobs Trust

against Stone’s claim here. As a result of the numerous violations of Rule 84.04(d), and after

significant time attempting to discern the issue Beneficiaries are attempting to assert on this

point, we find that we would have to become their advocate to be able to actually reach the

merits. This we cannot and will not do. Thus, we dismiss Point II due to Beneficiaries’

substantial failure to comply with Rule 84.04(d).

 CONCLUSION

 The judgment of the trial court is affirmed.

 ____________________________________
 Lisa P. Page, Judge

Sherri B. Sullivan, P.J. and
Thomas C. Clark, II, J., concur.

 9