In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

DARRELL I. BOLDEN, ) ED109552
 )
 Appellant, ) Appeal from the Circuit Court of
 ) St. Charles County
v. ) 1911-CC00240
 )
STATE OF MISSOURI, ) Honorable Daniel G. Pelikan
 )
 Respondent. ) Filed: November 23, 2021

 Darrell I. Bolden (Movant) appeals from the motion court’s judgment denying his Rule

29.15 1 motion seeking postconviction relief without an evidentiary hearing. We dismiss this

appeal.

 BACKGROUND

 The State of Missouri (State) charged Movant with two counts of first-degree robbery

and two counts of armed criminal action. On May 5, 2014, the trial court held a hearing on

Movant’s request to waive counsel and represent himself. The trial court allowed Movant to

waive counsel for the hearing, but ordered a psychiatric evaluation to determine whether Movant

was competent to stand trial and represent himself at trial without the assistance of an attorney

(competency report). After receiving the competency report, the trial court followed its

1
 All rule references are to the Missouri Supreme Court Rules (2020).
recommendation and found Movant competent, and allowed Movant to proceed to trial without

an attorney. Movant was convicted of all charges. He was sentenced to consecutive terms of life

in prison for each count of first-degree robbery, and 25 years for each count of armed criminal

action.

 On appeal, this Court found the trial court plainly erred in failing to appoint counsel to

represent Movant while his competency was in question. State v. Bolden, 558 S.W.3d 513, 519

(Mo. App. E.D. 2016) (Bolden I). Rather than order a new trial, this Court remanded for a

hearing to retroactively determine whether Movant “was competent to stand trial and to conduct

his own trial at the time,” based on the contemporaneous competency report. Id. at 520.

 Movant was represented by counsel at the evidentiary hearing on remand. State v.

Bolden, 561 S.W.3d 827, 829 (Mo. App. E.D. 2018) (Bolden II). At the hearing, Movant’s

counsel argued, “Judge, the only argument I would make is that the report was completed after

[Movant] had waived counsel and that we have no way to look back at the time that he waived

counsel even via the report.” Id. The trial court asked whether Movant was “challenging the

competency report in any way,” and counsel answered, “Judge, I’m not challenging that

competency report, no.” Id. The trial court found Movant was competent to stand trial pro se at

the time of the trial based on the competency report. Id.

 On appeal, Movant argued the retroactive competency hearing was an inadequate remedy

because there was no opportunity for meaningful adversarial testing of the original competency

report. Id. This Court disagreed, finding Movant simply failed to offer evidence or challenge

the competency report. Id. at 830. Thus, “we cannot say the trial court erred in accepting the

report’s findings as substantial evidence of [Movant’s] competency and restating its prior

determination that [Movant] was competent to stand trial.” Id.

 2
 The mandate in Bolden II was issued on December 21, 2018. Movant filed an amended

Rule 29.15 motion for postconviction relief, alleging ineffective assistance of trial counsel at the

retroactive competency hearing for failing to object when the trial court only inquired into the

competency to stand trial, and not the competency to self-represent. The motion court denied the

amended motion without an evidentiary hearing, concluding that “Movant has failed to establish

by a preponderance of the evidence that counsel failed to exercise the customary skill and

diligence that a reasonably competent attorney would perform under similar circumstances and

that he was prejudice [sic] thereby, as required under the law.”

 This appeal follows.

 DISCUSSION

 Movant raises one point on appeal, which states:

 The motion court clearly erred when it denied Mr. Bolden’s motion for
 postconviction relief without an evidentiary hearing because Mr. Bolden alleged
 facts, supported by the record and the law, which entitled him to relief in that he
 was denied his rights to effective assistance of counsel, due process of law, and
 protection from cruel and unusual punishment, as guaranteed to him by the Fifth,
 Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and
 Article I, §§10 and 18(a) of the Missouri Constitution when Court conducted a
 competency hearing, and did not use the proper standard of review for competency
 to self-represent, as opposed to competency to stand trial. This was error in that
 but for using the wrong standard, and the total lack of inquiry on this issue, Mr.
 Bolden was reasonably likely to have been found unable to self-represent, even
 though he was competent to stand trial.

 We must strictly apply the requirements of Rule 84.04(d) for a Point Relied On. Kenneth

Bell & NEZ, Inc. v. Baldwin Chevrolet Cadillac, Inc., 561 S.W.3d 469, 471 (Mo. App. S.D.

2018). “Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that

appellate courts do not become advocates by speculating on facts and on arguments that have not

been made.” FIA Card Servs., NA. v. Hayes, 339 S.W.3d 515, 517 (Mo. App. E.D. 2011)

(quoting Ward v. United Eng’g Co., 249 S.W.3d 285, 287 (Mo. App. E.D. 2008)). The policy

 3
behind Rule 84.04(d) is an appellant’s brief should give notice to the respondent of the precise

matters which must be contended with and answered. Baldwin Chevrolet Cadillac, Inc., 561

S.W.3d at 473 (citing Amparan v. Martinez, 862 S.W.2d 497, 499 (Mo. App. E.D. 1993)). “An

appellant’s brief which is so deficient as to require respondent to guess at the nature and scope of

claimed errors in an effort to respond creates difficulty for the respondent, as well as for the

appellate court.” Id. (quoting Carden v. Mo. Intergovernmental Risk Mgmt. Ass’n, 258 S.W.3d

547, 554 (Mo. App. S.D. 2008) (internal quotation omitted)).

 “A party’s failure to substantially comply with Rule 84.04 preserves nothing for appellate

review and is insufficient to invoke our authority to hear the case.” FIA Card Servs., NA., 339

S.W.3d at 517. Thus, the failure to comply with Rule 84.04(d) warrants dismissal of the appeal.

Bridges v. Am. Family Mut. Ins. Co., 146 S.W.3d 456, 458 (Mo. App. W.D. 2004). Nonetheless:

 We have the discretion to review non-compliant briefs ex gratia where the argument
 is readily understandable. But we cautiously exercise this discretion because each
 time we review a noncompliant brief ex gratia, we send an implicit message that
 substandard briefing is acceptable. It is not.

Scott v. King, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017) (internal citation omitted); see also

State ex rel. Hawley v. Robinson, 577 S.W.3d 823, 827 (Mo. App. E.D. 2019).

 Movant’s point is confusing. Initially, he appears to argue the motion court clearly erred

by failing to grant Movant an evidentiary hearing. “The issue of whether a defendant is entitled

to an evidentiary hearing on a claim of ineffective assistance of counsel under state procedural

rules is different from an evaluation of an ineffectiveness claim on its merits.” State v. Driver,

912 S.W.2d 52, 55 (Mo. banc 1995). Movant spends a substantial portion of his brief discussing

the circumstances in which evidentiary hearings are required. Yet neither his point nor the

following argument explains why an evidentiary hearing was required here, and in this respect

violates Rule 84.04(d)(1)(C).

 4
 Movant’s point otherwise seems to challenge the ruling of the trial court at the

retrospective competency hearing by arguing the trial court applied the incorrect standard in

determining whether Movant was competent to represent himself at trial. However, claims of

trial court error are not cognizable in a Rule 29.15 proceeding. McLaughlin v. State, 378 S.W.3d

328, 345 (Mo. banc 2012). A postconviction motion does not substitute for a direct appeal.

State v. Tolliver, 839 S.W.2d 296, 298 (Mo. banc 1992). Rule 29.15 cannot be used to obtain

postconviction review of matters which were or should have been raised on direct appeal. Id.

Movant’s claim regarding the trial court’s application of law at the retroactive competency

hearing should have been raised in the direct appeal resulting in Bolden II. Thus, we do not

review the trial court’s competency determination in this appeal of the motion court’s denial of

Movant’s amended Rule 29.15 motion.

 To the extent Movant is attempting to assert a claim of ineffective assistance of counsel,

Movant’s brief does not clarify which of his attorneys was ineffective, how their performance

was deficient, or how he was prejudiced. We will not speculate on facts or arguments that have

not been made. Despite our considerable efforts trying to discern the issue Movant is asserting

in this appeal, we find we would have to become his advocate to actually reach the merits. This

we cannot and will not do. Thus, we dismiss Movant’s appeal due to his brief’s substantial

failure to comply with Rule 84.04. See Guerra v. Locarno Partners, LP, 577 S.W.3d 900, 905

(Mo. App. W.D. 2019).

 5
 CONCLUSION

 Movant’s appeal is dismissed.

 ____________________________________
 Lisa P. Page, Judge

Michael E. Gardner, P.J. and
James M. Dowd, J., concur.

 6