

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| JOSEPH B. HUTCHESON, | ) | No. ED110539 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| vs. | ) | |
| | ) | Honorable Sonya D. Brandt |
| STATE OF MISSOURI, DEPARTMENT OF | ) | |
| SOCIAL SERVICES, FAMILY SUPPORT | ) | |
| DIVISION, ET AL., | ) | |
| | ) | |
| Respondents. | ) | FILED: December 13, 2022 |

## Introduction

Joseph B. Hutcheson ("Hutcheson") appeals from the circuit court's judgment affirming the decision of the Family Support Division ("FSD") of the Missouri Department of Social Services finding Hutcheson owed child and spousal support. Because the briefing does not substantially comply with the mandatory requirements of Rule 84.04,[1] the appeal preserves nothing for our review. Accordingly, we dismiss the appeal.

## Factual and Procedural History

On September 21, 2021, the Administrative Hearings Section ("AHS") issued a decision upholding the FSD's intercept of Hutcheson's tax refund for child-support and spousal-support arrears. Hutcheson filed a Section 536.110[2] petition in the circuit court challenging FSD's

---

[1] All Rule references are to Mo. R. Civ. P. (2022).

[2] All Section references are to RSMo (2016).

decision. On April 22, 2022, the circuit court affirmed the decision and denied his petition. Hutcheson then appealed to this Court.

After his initial filing, this Court issued an order ("August Order") directing Hutcheson to file a revised brief in conformity with the rules of appellate procedure. The August Order explained that Hutcheson's brief failed to comply with Rules 84.04 and 84.06 in four respects. Hutcheson then filed an amended brief. FSD moved to dismiss Hutcheson's amended brief for failure to comply with the Court's prior order and Rule 84.04. We took FSD's motion to dismiss with the case.

Discussion

## I.  Rule 84.04 Briefing Deficiencies

Appellants must comply with the mandatory minimum requirements for appellate briefing set forth in Rule 84.04 in order for us to review their appeal. T.G. v. D.W.H., 648 S.W.3d 42, 46 (Mo. App. E.D. 2022) (citing Murphree v. Lakeshore Estates, LLC, 636 S.W.3d 622, 623–24 (Mo. App. E.D. 2021)). "Rule 84.04 is not merely designed to enforce hyper-technical procedures or to burden the parties on appeal." Id. (internal quotation omitted). Rather, the sound policy and purpose behind the rules is to "ensure that the parties and the court are informed of the precise matters in contention and the appropriate scope of review . . . which allows this Court to conduct a meaningful review of the issues and ensures the proper functioning of the adversary nature of our judicial system." Young v. Mo. Dep't of Soc. Servs., 647 S.W.3d 73, 75 (Mo. App. E.D. 2022) (citing Murphree, 636 S.W.3d at 624). "Compliance with Rule 84.04 is essential to ensure that this Court retains its role as a neutral arbiter and avoids becoming an advocate for any party." Id. (internal citations omitted); see also Thummel v. King, 570 S.W.2d 679, 686 (Mo. banc 1978).

Parties appearing pro se, such as Hutcheson, are "subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." Indelicato v. McBride & Son Mgmt. Co., LLC, 646 S.W.3d 305, 307 (Mo. App. E.D. 2022) (internal quotation omitted). Pro se appellants "are not entitled to exceptions they would not receive if represented by counsel." Freeland v. Div. of Emp. Sec., 647 S.W.3d 22, 26 (Mo. App. W.D. 2022) (internal quotation omitted). "Our application of the rules stems not from a lack of sympathy, but instead from a necessity for judicial impartiality, judicial economy, and fairness to all parties." Id. (internal quotation omitted). Although we prefer to address the merits of an appeal where minor shortcomings in the briefing do not impair our ability to understand the arguments, "[d]eficient briefing runs the risk of forcing this Court to assume the role of advocate by requiring us to sift through the legal record, reconstruct the statement of facts, and craft a legal argument on the appellant's behalf." Id. (quoting Murphree, 636 S.W.3d at 624). For these reasons, failure to adhere to Rule 84.04 results in unpreserved allegations of error and warrants dismissal of the appeal. Young, 647 S.W.3d at 76 (internal citation omitted); T.G., 648 S.W.3d at 46 (internal citations omitted).

Here, we do not reach the merits of the appeal because the amended brief falls significantly short of the minimum standards of Rule 84.04 in numerous respects. See T.G., 648 S.W.3d at 46 (internal citations omitted). The August Order specifically informed Hutcheson of major deficiencies in his initial brief and gave him an opportunity to comply with Rule 84.04. We will address those issues first. This Court initially found that Hutcheson's brief was noncompliant in at least the following ways: (1) failure to contain a fair and concise statement of the facts relevant to the questions presented in the appeal under Rule 84.04(c), including citations to specific page references to the record; (2) failure to provide points relied on, which must

3

identify the action being challenged, the legal reasons for the claim of reversible error, and why, in the context of the case, those legal reasons support the claim of reversible error, pursuant to Rule 84.04(d); (3) failure to include a certificate of compliance as required by Rule 84.06(c); and (4) failure to include an appendix compliant with Rule 84.04(h). In response, Hutcheson filed an amended brief, which added a certificate of compliance, an appendix, a statement of facts, and points relied on.

In the amended brief, Hutcheson appended a section for points relied on following the conclusion of his argument. Hutcheson's points relied on in the amended brief remain deficient under the requirements of Rule 84.04. First, the rule states that the points relied on ***must precede*** the argument section, and each point must be restated at the beginning of each section of the argument that discusses that point. Young, 647 S.W.3d at 76 (citing Rule 84.04(e)). This sequence reflects a critical purpose, as "[a]n appellant's point relied on defines the scope of appellate review." T.G., 648 S.W.3d at 48 (internal quotation omitted). The purpose of the points relied on is not merely to impose an unnecessary obstacle to proceeding with the argument; rather, "it forces the parties to make a specific point . . . to concisely state why under the facts and law the . . . [challenged] ruling was erroneous." Kenneth Bell & NEZ, Inc. v. Baldwin Chevrolet Cadillac, Inc., 561 S.W.3d 469, 471 (Mo. App. S.D. 2018). "The purpose of the points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues before it." Pearson v. Keystone Temp. Assignment Grp., Inc., 588 S.W.3d 546, 551 (Mo. App. E.D. 2019) (internal quotation omitted).

Next, we address the substance of the points relied on appended by Hutcheson. The content of a point relied on must: "(A) [i]dentify the administrative ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible

4

error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(2). "To ensure compliance, the drafters of the Rule even set forth a proposed format." Kenneth Bell, 561 S.W.3d at 471. Specifically, the rule provides that "[t]he point *shall be in substantially the following form*: 'The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*].'" Rule 84.04(d)(2) (emphasis added). "Given that a template is specifically provided . . . appellants simply have no excuse for failing to submit adequate points relied on." Young, 647 S.W.3d at 77 (internal quotation omitted).

As FSD contends in its motion to dismiss, the amended brief references the requirements for points relied on but fails to adhere to those requirements in a manner that is compliant with Rule 84.04(d)(2), readily understandable, and gives notice to the opposing party and the Court of the matters to be addressed. The amended brief does not number its points but offers four statements, two of which are identical. The identifiable points relied on state as follows:

> Ruling [1st]: The hearing officer correctly exercised his discretion in not ordering FSD to revise arrears amounts.
> Ruling [2nd]: The 2021 decision was appropriate and reasonable in the circumstances.
>
> Reversible error: The Civil court erred in not considering Ms. Hutcheson's perjury / [f]raud on the Court because I told the Judge during my brief that to deny a correction of the record considering clear and convincing evidence presented would be a substantial lack of due process, one that I must take to the next higher court, in that the proceeding that took place failed to consider Ms. Hutcheson admission or produce any analysis of the fraud on the court that the prior courts relied upon in their assertion of res judicata and collateral estoppel.
>
> Reversible error: The Civil court errored in displaying preference towards the attorney in the proceedings because I told the Judge during my brief that to deny a correction of the record considering clear and convincing evidence presented would

be a substantial risk of due process, one that I must take to the next higher court, in that the judge was bias in making their decision.

FSD maintains the points relied on are deficient on multiple grounds. We agree. We first note that the points relied on do not follow the template provided. More importantly, the points neither sufficiently identify the ruling challenged, nor cogently identify the legal reasons for the claim of reversible error. See Young, 647 S.W.3d at 77. The points relied on further fail to state the "in that" requirement of the rule which requires Hutcheson to explain ***why*** those legal reasons set forth in his points constituted reversible error in the context of the case. See T.G., 648 S.W.3d at 48. Hutcheson's points refer to alleged perjury and judicial bias and further mention collateral estoppel and fraud. However, "[b]are conclusions that lack any legal analysis or supporting rationale preserve nothing for review." Indelicato, 646 S.W.3d at 307 (internal quotation omitted). FSD endeavored to respond to the points relied on and observed that the administrative record fails to support Hutcheson's claims of false statements or why collateral estoppel was erroneously applied. Further, FSD argues that the record contains no evidence of judicial bias, either from an extrajudicial source or from the circuit court's handling of the case.

Although we prefer to address claims on their merits, the points relied on simply do not adequately allege a ground upon which we can reverse and provide Hutcheson relief. See T.G., 648 S.W.3d at 48. "This Court has no duty to review the argument portion of [the amended] brief to ascertain his contentions." Id. (internal citation omitted). For us to attempt to craft the allegations of error by combing through the record and deciphering Hutcheson's arguments would not only run the risk of interpreting his contentions differently than he intended but also of exceeding our role in the judicial process. See id. at 48–49. Indeed, "[w]hen confronted with a deficient point relied on, it is not proper for this Court to speculate as to the point being raised and supporting legal justification because to do so would place the court in the role of an

advocate for the appellant." Id. (internal quotation omitted). "A point on appeal that fails to substantially comply with Rule 84.04(d) is grounds for dismissal of the appeal." Young, 647 S.W.3d at 77 (internal citation omitted).

Hutcheson's deficiencies in the points relied on carry over into the argument section. Rule 84.04(e) provides: "the argument shall substantially follow the order of 'Points Relied On.' The point relied on shall be restated at the beginning of the section of the argument discussing that point. The argument shall be limited to those errors included in the 'Points Relied On.'" Here, although the argument section relates to the two identifiable points relied on, it is not limited to those errors. Further, the argument section contains other deficiencies. In particular, FSD notes that the amended brief fails to identify the correct standard of review governing the appeal. "Rule 84.04(e) requires a 'concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review.'" Young, 647 S.W.3d at 77–78 (quoting Rule 84.04(e)); see also Jefferson v. Mo. Dept. of Social Servs., 648 S.W.3d 50, 54 (Mo. App. E.D. 2022). Here, the amended brief suggests the standard of review is that which a federal district court applies to a motion to suppress. As FSD contends, that standard is inapposite to the present case. "In an appeal following a circuit court's judicial review of an administrative agency's decision, this Court reviews the *agency's* decision, not the circuit court's." M.F. by Fields v. Stringer, 617 S.W.3d 868, 875 (Mo. App. E.D. 2021) (citing Albanna v. State Bd. of Registration for Healing Arts, 293 S.W.3d 423, 428 (Mo. banc 2009)). "The correct standard of review for administrative decisions governed by article V, section 18 of the Missouri Constitution . . . is 'whether, considering the whole record, there is sufficient competent and substantial evidence to support the [agency's decision.]'" Albanna, 293 S.W.3d at 428 (internal quotation omitted); see also Section 536.140 (listing the seven grounds for

7

review of an agency decision).  Just as the deficient points relied on impair the argument's comprehensibility, the failure to identify the proper standard of review inadequately sets up the argument to demonstrate how the relevant principles of law and facts of the case interact to support a claim for reversible error.  See Young, 647 S.W.3d at 77–78.  An appellant's failure to include the applicable standard of review or demonstrate preservation of the alleged errors as required by Rule 84.04(e) is grounds for dismissal.  Id. (internal citation omitted).

We decline review of cases on the basis of briefing deficiencies only with great reluctance and only when those deficiencies impair meaningful review.  See id. at 76.  Such is the case here.  As a result of the aforementioned deficiencies, we cannot discern Hutcheson's claims.  Because the amended brief fails to conform to the minimum requirements of Rule 84.04 and this Court's August Order, it preserves nothing for our review.  See id.  Therefore, we grant FSD's motion to dismiss the appeal.  See id.

Conclusion

The appeal is dismissed.

_____
KURT S. ODENWALD, Judge

Michael E. Gardner, C.J., concurs.
John P. Torbitzky, J., concurs.